H. A. Steen Industries, Inc. *v.* The Zoning Hearing Board of Bensalem Township. Bensalem Township, Appellant.

H. A. Steen Industries, Inc. *v.* The Zoning Hearing Board of Bensalem Township, Appellee.

452

Argued September 28, 1978, before Judges Mencer, Blatt and Craig, sitting as a panel of three.

*Leslie G. Dias* and *Henry F. Huhn,* for Bensalem Township.

*David H. Moskowitz,* with him *Moskowitz & Zamparelli,* for H. A. Steen Industries, Inc.

*John W. Potkay* and *Emil F. Toften*, for Zoning Hearing Board of Bensalem Township.

OPINION BY JUDGE MENCER, December 28, 1978:

We have for our consideration appeals from an order of the Court of Common Pleas of Bucks County which directed that a variance be granted for the erection of a sign and that the variance provide "for maximum compliance with the zoning ordinance as is possible."

The following preceded the order in question. In 1976, H. A. Steen Industries, Inc. (Steen) purchased an irregularly shaped triangular piece of property with side dimensions of 25 feet, 105 feet, and 108 feet. Steen's reason for this purchase was for the erection of a billboard on this vacant, landlocked lot. The property is zoned C-General Commercial. Steen desires to erect a double-faced sign in the shape of a "V" or wedge to be situated with the juncture of the sides at the property line fronting on Street Road.

Steen applied to the ordinance enforcement officer for a sign permit, but this application was rejected. Steen then appealed to the Bensalem Township Zoning Hearing Board (Board), alleging that it was entitled to a variance or, alternatively, that the zoning ordinance was unconstitutional insofar as it totally prohibited off-site signs. The Board, after a hearing, rejected both of Steen's allegations and Steen appealed to the Court of Common Pleas of Bucks County.

Our scope of review, when the trial court, as here, has not taken additional evidence, is to determine whether or not the Board abused its discretion or committed an error of law. *Schaffer v. Zoning Hearing Board*, 32 Pa. Commonwealth Ct. 261, 378 A.2d 1054 (1977).

An owner of land is entitled to a variance only where the property is subjected to an unnecessary hardship, unique or peculiar to itself, and where the grant thereof will not be contrary to the public interest. The reasons to justify the granting of a variance must be substantial, serious, and compelling. *Magrann v. Zoning Board of Adjustment*, 404 Pa. 198, 170 A.2d 553 (1961).

In *Poster Advertising Co., Inc. v. Zoning Board of Adjustment*, 408 Pa. 248, 182 A.2d 521 (1962), dealing with a fact situation similar to the one in the instant case, the Supreme Court reversed the lower court and zoning board of adjustment which had denied a variance to permit the construction of outdoor advertising signs. The following passage from that case seems equally applicable here:

> The size and dimension of the land as presently constituted prevent the construction and use thereon of any residence property. The conclusion of the board to the contrary was not justified. In fact, the size and dimension permit a very limited number of productive uses, the most likely and practical being that contemplated. If this use is denied, the owner will be compelled to continue to pay taxes thereon, maintain the actual surface and adjoining sidewalks in a clean and reasonably safe condition in order to escape possible damage claims, without any return from the use of the property whatsoever.

> Of course, an economic hardship is not sufficient in itself to warrant the grant of a variance: Richman v. Zoning Board of Adjustment, 391 Pa. 254, 137 A.2d 280 (1958); Magrann v. Zoning Board of Adjustment, supra. But this is not a case of 'economic hardship' such as where the owner seeks to use the land in a more

profitable manner. This is a case wherein any productive use of the land will be denied altogether. It is a case of the existence of a substantial hardship peculiar to this particular land. See, Nickolson v. Zoning Board of Adjustment, 392 Pa. 278, 140 A.2d 604 (1958); and, Ferry v. Kownacki, 396 Pa. 283, 152 A.2d 456 (1959).

408 Pa. at 251-52, 182 A.2d at 523-24.

Accordingly, we conclude that the evidence in this record does not sustain the conclusions reached by the Board and that there was a manifest abuse of discretion by the Board in refusing the variance sought by Steen.[1]

The case of the lot which is too small and cannot be made to conform could just as well be treated as involving a nonconforming lot entitled to be used as a matter of fundamental law. See R. Ryan, Pennsylvania Zoning Law and Practice §6.3.3 (1970 & Supp. 1977). However, courts generally have treated the problem in terms of granting variances. Our decision in the instant case is consonant in principle with our holding in *Jacquelin v. Horsham Township*, 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1973).

There remains only the matter of interpreting that portion of the trial court's order which reads: "Such variance shall provide for maximum compliance with the zoning ordinance as is possible."

Section 912(5) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L.

---

[1] Since we affirm the trial court in its grant of a variance to erect a sign on the property in question, we need not reach the constitutional question pertaining to the zoning ordinance's total prohibition of off-site signs. *See Amerada Hess Corp. v. Zoning Board of Adjustment*, 11 Pa. Commonwealth Ct. 115, 313 A.2d 787 (1973); *Daikeler v. Zoning Board of Adjustment*, 1 Pa. Commonwealth Ct. 445, 275 A.2d 696 (1971).

805, *as amended*, 53 P.S. §10912(5), provides "[t]hat the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue."

We are satisfied that the trial court's order providing for a variance that will result in the maximum possible compliance with the zoning ordinance in question was merely a recognition of the provisions of Section 912(5) of the MPC.

Section 602 of the Bensalem Township zoning ordinance provides for area, height, width, and setback requirements relative to the erection of any sign, structure, or building. The lot in question does not meet the minimum area or minimum width required but, insofar as possible, the location of the sign to be erected should comply with the applicable setback requirements for sign erection. This may well mean that Steen is limited to the erection of a single-faced sign with such setback as the size and shape of his property permits rather than the proposed double-faced sign which would have no setback from the property line fronting on Street Road.

The record discloses that Steen acknowledged that there are no physical limitations on the property which would preclude the placement of a single-faced sign but merely that Steen preferred a double-faced sign from the standpoint of appearance and advertising effectiveness.

Order, as modified, affirmed.

### Order

And Now, this 28th day of December, 1978, the order of the Court of Common Pleas of Bucks County, under date of October 11, 1977, granting a variance to H. A. Steen Industries, Inc., to erect a sign is modified to provide that such variance shall be the mini-

mum variance necessary for the erection of a sign on the property in question in the instant litigation and shall provide for the erection of a sign in such a manner and at such a location on the property as to represent the least possible modification of the setback and other applicable requirements of the Bensalem Township Zoning Ordinance in effect on the date H. A. Steen Industries, Inc., applied for a sign permit, and, as modified, the said order is hereby affirmed.