In Re: Application for Variance by Frank Avanzato and Ilda H. Avanzato et al. Frank Avanzato and Ilda H. Avanzato, Appellants.

78

Argued February 9, 1979, before Judges CRUM-LISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Joseph E. DeSantis,* with him *DeSantis & Koch,* for appellants.

*Calvin Lieberman,* for appellee.

OPINION BY JUDGE MENCER, July 6, 1979:

This is an appeal by Frank Avanzato and Ilda H. Avanzato, owners of premises known as 242 Exeter Street in the City of Reading, from a decision of the Zoning Hearing Board of the City of Reading (Board) denying use and dimension variances. We affirm.

The owners acquired the property in January 1925 on which is situated a single-family residence. The property is zoned R-3 residential. A manufacturing facility owned by the Avanzatos is situated to the west of the property. A warehouse owned by the Avanzatos is situated to the southwest. A cemetery borders the property on the east and south. Other commercial and industrial properties exist in the immediate vicinity, along with twelve residences, five of which are located on Exeter Street to the north. While City Council has considered City Planning Commission recommendations that the area be zoned for manufacturing rather than residential, no action has been taken.

The owners seek a use variance in order to use the single-family dwelling as an office and storage facility. In addition, they seek use and dimension variances in order to erect an additional building on the property to be used for light manufacturing, which, if erected, would violate existing set-back and total-lot-coverage requirements under the ordinance.

The Board, after a hearing, denied the application for the variances. The owners appealed to the Berks County Court of Common Pleas, raising, *inter alia,* the issue of whether the Board had rendered its decision in accordance with the Open Meeting Law (Sunshine

Law).[1]  That court held that the Board had not complied with the Sunshine Law and ordered a remand so that the Board might correct this error.[2]  Without taking further testimony, the Board issued its decision in accordance with the Sunshine Law, again denying the application.  The owners again appealed to the Court of Common Pleas.  The Court took no additional evidence and affirmed the decision of the Board. This appeal followed.

An applicant is entitled to a variance only where he establishes (1) that the zoning regulation uniquely burdens his property so as to create an unnecessary hardship and (2) that the variance would not have an adverse effect upon the public health, safety or welfare.  *H. A. Steen Industries, Inc. v. Zoning Hearing Board*, 39 Pa. Commonwealth Ct. 451, 396 A.2d 66 (1978); *Hankin v. Zoning Hearing Board*, 35 Pa. Commonwealth Ct. 164, 384 A.2d 1386 (1978).  *See also* Section 912 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912.

The owners contend that the Board abused its discretion and committed an error of law in concluding that their property is not subject to an unnecessary hardship.  An unnecessary hardship can be established by showing (1) that the physical characteristics of the property are such that it could not in any case be used for the permitted purpose or that the physical characteristics are such that it could only be used for such purpose at prohibitive expense or (2) that the characteristics of the area are such that the lot has either no value or only a distress value for any purpose permitted by the zoning ordinance.  *Board*

---

[1] Act of July 19, 1974, P.L. 486, *as amended*, 65 P.S. §261 et seq.

[2] The order and opinion of the Court of Common Pleas are reported at 69 Berks Co. L.J. 164 (1977).

*of Commissioners v. Zoning Board*, 25 Pa. Commonwealth Ct. 626, 361 A.2d 455 (1976).

A real estate broker testified on behalf of the owners that no one would develop the property for residential use because the surrounding neighborhood was predominantly commercial and industrial and because the surrounding area was progressively changing from residential to commercial and manufacturing uses. He also testified that the property was practically useless for the purpose for which it was zoned; however, he offered no reason to support this conclusion aside from the character of the neighborhood. While the use of adjacent and surrounding land may be considered in determining a question of hardship, it is not conclusive, absent a showing that the land is practically valueless as zoned. *See Board of Commissioners v. Zoning Board, supra.* There was no evidence that the property could not be used physically for residential uses or that the property had no market value or only a distress value for residential use. To the contrary, the property was used exclusively as a residence in conformity with the zoning ordinance until purchased by the owners. In addition, twelve other occupied residences exist in the immediate area. A variance should be granted only in exceptional circumstances, and the burden of proving its need is a heavy one. *J. Richard Fretz, Inc. v. Hilltown Township Zoning Hearing Board*, 18 Pa. Commonwealth Ct. 471, 336 A.2d 464 (1975). Thus, although this record may have supported a contrary conclusion by the Board, there was no abuse of discretion in the Board's determination that the evidence did not necessarily establish a hardship.[3] *See Board of Commissioners v. Zoning Board, supra.*

---

[3] In view of our conclusion, we need not discuss the Board's alternative determinations that, if a hardship existed, it was created by the owners and that the variance, if granted, would be detrimen-

The owners cite instances of Board error in making its conclusions of law. We have examined these contentions carefully and find no errors requiring reversal.[4]

The owners also argue that their application for a variance should be deemed approved in accordance with Section 908(9) of the MPC, 53 P.S. §10908(9), since a valid decision in compliance with the Sunshine Law was not rendered within 45 days. We rejected this precise argument, however, in *Appeal of Emmanuel Baptist Church,* 26 Pa. Commonwealth Ct. 427, 364 A.2d 536 (1976).

Finally, they argue that, despite the holding in the *Emmanuel* case, the lower court erred in remanding the matter to the Board because the Board acted in bad faith in failing to comply with the Sunshine Law. Allegedly, the remand resulted from the Board's bad faith and thereby caused prejudice to the owners by delaying the Board's decision and by providing the Board with the opportunity to correct and expand its

---

tal to the public welfare. In addition, since the owners are not entitled to a use variance, we need not consider the application for dimensional variances regarding which the owners introduced no evidence.

[4] Specifically, the Board did not err in considering its denial of a previous variance application by the owners for essentially the same variance, since it was a matter of record and since the Board considered the present application on its merits while noting the lack of changes since the denial of the former application. *See Esterhai v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 361, 274 A.2d 556 (1971). Also, we are satisfied that the Board substantially complied with Section 908(9) of the MPC, 53 P.S. §10908(9), in setting forth its decision despite its failure to refer to the law upon which its conclusions were based. The Board's decision was clear and substantially reflected the application of the law in Section 912 of the MPC. This Court was not faced with a decision that was not reviewable as in *Lando v. Springettsbury Township Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 312, 286 A.2d 924 (1972), upon which the owners rely.

initial decision. There is no evidence, however, to support a conclusion that the Board acted in bad faith. The initial Board decision was rendered approximately two weeks after the *Emmanuel* decision which first held that the Sunshine Law was applicable to zoning hearing boards, and therefore the *Emmanuel* decision was not available at the time of the Board's decision.

Order affirmed.

### Order

And Now, this 6th day of July, 1979, the order of the Court of Common Pleas of Berks County, dated December 5, 1977, denying the appeal of Frank Avanzato and Ilda H. Avanzato and affirming the order of the Zoning Hearing Board of the City of Reading, dated June 7, 1977, is affirmed.