Borough of Emmaus, Appellant *v.* Daniel R. Schuler and Irene M. Schuler, Appellees.

Argued October 1, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*Charles J. Fonzone,* for appellant.

*John P. Karoly, Jr.,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., December 19, 1979:

Respondents own a vacant lot in the Borough of Emmaus, Lehigh County.[1] Local zoning ordinances require a minimum of 12-foot sideyard width for the construction of single-family dwellings so as to maintain the open character of the community.[2] Application was made to the Borough's zoning office for construction approval of a structure which would require sideyard variances of three feet on the north side and seven feet on the south side. The application was denied by the zoning officer and the Zoning Hearing Board.

The Board decided that construction of the proposed dwelling on such a uniquely narrow and sloping lot would (1) "require excessive variances, beyond the point of allowing 'reasonable' use of the property," (2) "create undue hardship on the adjoining property by altering the natural course of storm water runoff," and (3) "not be in keeping with the 'open character' of the low density district." Although recognizing that substandard landlocked lots present owners with unique problems which must be given special consideration to allow reasonable use of the property, the Board found that the variance requested would not satisfy the best interests of all concerned.[3] The Board's "greatest concern in this appeal is not so much in the width of the lot, but in the

---

[1] Respondents' property measures a 40-foot frontal width, a 116.50 foot depth, and a 4,600 square foot total area, with a slope of 6 1/2 feet.

[2] Other ordinances provide for a minimum lot width of 80 feet, and a minimum lot area of 10,000 square feet. However, Section 1203 of the Borough's zoning ordinance designates the property in question as a non-conforming lot of record, which is excused from compliance with width and area requirements.

[3] The proposed construction proposed a 26-foot by 46-foot single-family dwelling on the lot in question.

slope of the lot within that narrow width." (N.T. 17.) Without taking further testimony, the Lehigh County Common Pleas Court reversed the Board's denial of the requested variance, finding an abuse of discretion.[4] In response to the Borough's appeal, we affirm.

Our scope of review is clear. Absent additional evidence before the trial court, we cannot review its decision, but may only determine whether the Zoning Hearing Board either abused its discretion or committed an error of law. *H. A. Steen Industries, Inc. v. Zoning Hearing Board of Bensalem Township,* 39 Pa. Commonwealth Ct. 451, 453, 396 A.2d 66, 67 (1978).

A landowner is entitled to a variance only where he establishes that the zoning regulation uniquely burdens the property so as to create an unnecessary hardship and that the variance does not adversely affect the health, safety or welfare of the community. *In Re Avanzato,* 44 Pa. Commonwealth Ct. 77, 80, 403 A.2d 198, 199 (1979). To justify the variance, the supporting reasons must be "substantial, serious, and compelling." *H. A. Steen Industries, supra,* at 454, 396 A.2d at 67. Further, we have held that the proper test is whether the property can reasonably be used in a manner consistent with the restrictive provisions of the zoning ordinance and not whether the property use sought by the owner is more desirable or even the best use. *Alfano v. Zoning Hearing Board of Marple Township,* 14 Pa. Commonwealth Ct. 334, 339, 324 A.2d 851, 853-54 (1974).

Respondents have met the heavy burden placed upon them with respect to sideyard limitations. They

---

[4] Specifically responding to each count of the Board's decision, the lower court found no basis in the record for the denial of the proposed variance.

have shown a substantial hardship to their property in that the 40-foot frontal width is the only one of the community landlocked by larger lands whose variance application was later denied. Compliance with the sideyard requirement would unreasonably require construction of a dwelling with a mere 16-foot frontal width. *Alfano, supra.* Considering the Borough's loose adherence to frontal width zoning ordinances, a 26-foot dwelling having five and seven feet sideyards does no more than provide a reasonable use for the land. We find nothing to indicate that a structure of this size calls for either "excessive variances" or a reduction in the "open" character of the community. *See Jacquelin v. Horsham Township,* 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1973). By introducing substantial evidence to show that careful landscaping and construction would actually reduce water runoff by some 60 percent, respondents established that the proposed construction on the 6-1/2 foot sloping property would not create undue hardship for adjoining landowners by altering the natural course of storm water runoff. (N.T. 12-13.) The definitive nature of the landscape architect's recorded testimony, the absence of local zoning ordinances preventing water course alterations, and the serious runoff problem as it now exists leads reasonable minds to conclude that respondents' proposed construction could only make things better. *Compare Harper v. Ridley Township Zoning Hearing Board,* 21 Pa. Commonwealth Ct. 93, 100-01, 343 A.2d 381, 385 (1975).

Looking to the record and its circumstances, we hold that the evidence does not sustain the Board's conclusions, and that the denial of the requested variance amounts to a manifest abuse of its discretionary authority.

104

Accordingly, we

ORDER

AND Now, this 19th day of December, 1979, the appeal of the Borough of Emmaus is hereby dismissed, and the order of the Court of Common Pleas of Lehigh County dated August 18, 1978, is hereby affirmed.