Appeal of Peter Dinu and Mary Dinu, His Wife, From Decision of Zoning Hearing Board of Springfield Township. Peter Dinu and Mary Dinu, Appellants.

Submitted on briefs September 13, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and MAC-PHAIL, sitting as a panel of three.

*John M. Sewell,* for appellants.

*Thomas M. Garrity, Wisler, Pearlstine, Talone, Craig & Garrity,* for appellee.

OPINION BY JUDGE MACPHAIL, November 8, 1982:

Peter and Mary Dinu (Appellants) appeal from an order of the Court of Common Pleas of Montgomery County which dismissed their appeal from the denial of a variance application by the Zoning Hearing Board of Springfield Township (Board). We affirm.

The record in this case reveals that Appellants are the equitable owners[1] of a tract of land on which a vacant elementary school is located. The property is located in a "C" Residential zone which permits, *inter alia*, single family dwellings, two family detached and semi-detached dwellings and, by special exception, multiple family dwellings.[2] The property borders on an "I" Industrial zone to the rear and has vacant lots on either side which are also zoned "C" Residential. Single family dwellings are located directly across the street along the front of the property.

Appellants filed an application, which the Board treated as a request for a variance,[3] to allow the conversion of a portion of the existing structure into a residence and the remainder into a commercial facility to be used in connection with the operation of a toy distribution business. Following two hearings on the application, the Board denied the relief requested and, on appeal, the common pleas court affirmed. Appellants subsequently perfected their appeal to this Court.

Our scope of review in a case of this nature where the court of common pleas took no additional evidence, is to determine whether the Board abused its discretion, committed an error of law or made fact findings

[1] The Springfield Township School District (School District) is the legal owner.

[2] It is undisputed that these uses are permitted in the "C" Residential zone although the record does not contain a copy of the pertinent ordinance provisions. We note that our review would be facilitated by the presence in the record of all pertinent ordinance provisions.

Other uses permitted in the "C" Residential zone are churches and chapels, elementary and nursey schools and professional offices and home occupations (as accessory to a residential use).

[3] Apparently the application incorrectly requested relief in the nature of a special exception. Since the record does not contain a copy of the application, we are unable to verify this error.

which are not supported by substantial evidence of record. *Township of Haverford v. Zoning Hearing Board of Haverford Township,* 55 Pa. Commonwealth Ct. 209, 423 A.2d 757 (1980).

In order to establish their right to a variance, Appellants must show that the zoning ordinance uniquely burdens the property with an unnecessary hardship and that the variance would not adversely affect the public health, safety or welfare. *Borough of Emmaus v. Schuler,* 48 Pa. Commonwealth Ct. 100, 409 A.2d 444 (1979). An unnecessary hardship may be shown by proof that 1) the physical characteristics of the property are such that it cannot be used for any permitted purposes or that it could only be used for such purposes at prohibitive expense or 2) the characteristics of the area are such that the property has either no value or only a distress value for any permitted purpose. *Avanzato Appeal,* 44 Pa. Commonwealth Ct. 77, 403 A.2d 198 (1979). Variances, especially those allowing a commercial use in a residential district, should only be granted under exceptional circumstances. *Pfile v. Borough of Speers,* 7 Pa. Commonwealth Ct. 226, 298 A.2d 598 (1972). Finally, economic hardship, short of hardship which would render the property practically valueless, does not justify a variance. *Township of Washington v. Washington Township Zoning Hearing Board,* 27 Pa. Commonwealth Ct. 510, 365 A.2d 691 (1976).

We must agree with the Board and the court of common pleas that Appellants have failed to establish the requisite hardship to justify the grant of a variance. First, it is undisputed that the property is not burdened with any unusual topographical features. Appellants appear to argue, instead, that the fact that the property is contiguous to an industrial zone justifies the variance requested. We note in this regard that the record does not support the Appellants' as-

sertion that the subject property is "surrounded on all sides" by an industrial zone. In fact the record substantiates the Board's finding that the property is surrounded on three sides by the "C" Residential zone. The fact that the property is contiguous along its remaining border to an industrial zone does not, in and of itself, justify the requested variance. Inherent in the concept of zoning is the reality that dissimilar uses will exist along the borders between different districts. There has been no proof offered that the location of the industrial zone results in a unique hardship which would render this property of no value for any permitted purpose. *See Avanzato Appeal.*

Appellants have also not established that the costs of conversion or redevelopment of the property would justify a variance. In this regard the record contains only the bald assertion by Appellants' attorney that "the conversion of same into a residence in its entirely [sic] would be most impractical and not economically feasible." We cannot conclude that the Board abused its discretion in rejecting this assertion, particularly in light of the fact that Appellants actually propose to convert a portion of the structure to a residence. We do not think the evidence in this case is sufficient to establish that the conversion or redevelopment of the property in conformance with the ordinance would be so financially burdensome as to render the property practically valueless. *See Sylvester v. Pittsburgh Zoning Board of Adjustment,* 398 Pa. 216, 157 A.2d 174 (1959); *cf. O'Neill v. Philadelphia Zoning Board of Adjustment,* 384 Pa. 374, 121 A.2d 97 (1956) (financial burden of conversion sufficient to justify a variance particularly where the proposed change is from a less desirable to a more desirable nonconforming use).

In another attempt to establish unnecessary hardship, Appellants produced expert testimony by a real

estate appraiser who testified that the "highest and best" use for the property would be that of a private school, with a second choice being an office for an occupant who could use a portion of the structure as a warehouse. The test for entitlement to a variance, however, is not whether the property use sought is the "best" use for that property, but rather whether the property can reasonably be used in a manner consistent with the ordinance. *Borough of Emmaus.* We conclude that Appellants have not met their burden of proving that the subject property cannot be used in conformity with the ordinance and, thus, have not demonstrated that an unnecessary hardship exists.

Finally, Appellants produced evidence that the subject property has been on the market for approximately one year and that no offers to purchase it for exclusively residential purposes have been made. We do not think that this evidence requires a conclusion that the tract has no value as a residential property. In fact, the record contains no evidence that the School District has made any effort to sell the property for residential purposes. *See Commissioners of Plymouth Township v. Wannop,* 13 Pa. Commonwealth Ct. 237, 320 A.2d 455 (1974). Moreover, as we have previously noted, Appellants plan to use a portion of the structure as a residence, thus undercutting their argument that the property would be unsuitable for any permitted purposes.

Since we have concluded that Appellants have failed to establish the requisite hardship in this case, we need not address the second element of their burden, to wit, whether the variance would adversely affect the public health, safety or welfare.

### Order

It is ordered that the order of the Court of Common Pleas of Montgomery County, dated October 13, 1981, is hereby affirmed.