568 A.2d 703

**VANGUARD CELLULAR SYSTEM, INC., Appellant,**

**v.**

**ZONING HEARING BOARD OF SMITHFIELD TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1989.

Decided Dec. 22, 1989.

372

Stephen A. McBride, Krawitz, Ridley & McBride, P.C., Milford, for appellant.

Daniel M. Corveleyn, Mervine, Brown, Newman & Williams, Stroudsburg, for appellee.

Before CRUMLISH, Jr., President Judge, and COLINS and McGINLEY, JJ.

McGINLEY, Judge.

Vanguard Cellular Systems, Inc. (Vanguard) appeals from an order of the Court of Common Pleas of Monroe County (common pleas court) denying: (1) Vanguard's appeal of the Zoning Hearing Board of Smithfield Township's (Board) denial of Vanguard's application for a variance, and (2) Vanguard's motion for a remand to hear additional testimony.

Vanguard operates a cellular telephone system throughout the eastern United States. In order to complete the cellular transmission system, Vanguard determined it was necessary to construct a transmission tower in Monroe County. As a result Vanguard leased a portion of a twenty-six acre tract owned by Edwin Krawitz (Krawitz) located along Route 611 in both Stroud Township and Smithfield

Township. The tax billing for the Krawitz property references Stroud Township. Consequently, in March 1988, Thomas Harraka (Harraka) a representative for Vanguard, along with Krawitz, met with the Stroud Township Planning Commission.

However, no maps were presented to the Stroud Planning Commission and no formal action was taken. On April 26, 1988, Leo Achterman, Stroud Township Engineer, informed Vanguard that the site on which the 180 foot tower and outbuilding were to be constructed was located in Smithfield Township and therefore Stroud Township did not have jurisdiction.

On April 27, 1988, Harraka attempted to obtain a permit for Vanguard in Smithfield Township. Ralph E. Snavely, Jr. (Snavely), Smithfield Zoning Officer, advised Harraka that the property was located in both townships, but that Stroud Township had control over the actual site of the tower.

Despite the confusion over the location of the site, in response to Federal Communications Commission time constraints and contractual limitations, Vanguard began construction in mid-May. On May 13, 1988, Snavely visited the construction site and issued a cease and desist order to Ronald E. Decker, an engineer from G.H. Litts, a local contractor, who had been hired by Vanguard as project engineer.

On May 14, 1988, Harraka telephoned Snavely and informed him that a twelve foot by thirty-two foot building had been delivered to the site on a flatbed truck. Snavely, then gave Harraka permission to unload the truck, but not to begin construction. On Monday, May 16, 1988, Harraka met with the Smithfield Township Board of Supervisors and was told that if construction continued, it would be at Vanguard's risk.

On May 25, 1988, Snavely informed Harraka by letter that his permit application had been denied by the Smithfield Board of Supervisors because the 180 foot trans-

mission tower project was not a permitted use in an R–1 low density residential (R–1) district. Snavely also advised Harraka that Vanguard could apply to the Board for a variance by returning an enclosed form by June 3, 1988. In the same May 25, 1988, letter Snavely requested that Vanguard submit a letter to the Township agreeing to assume the complete risk for construction of the project and agreeing to the removal of all improvements if the Board denied the variance and upon the denial of any subsequent appeals.

Although the Smithfield Township Planning Commission recommended approval the Board denied the variance request and ordered removal of the tower and building which Vanguard had constructed at a cost of $300,000. Vanguard appealed the Board's decision to the common pleas court seeking reversal, or in the alternative, a remand for the presentation of further testimony. The common pleas court affirmed the decision of the Board and denied Vanguard's request for a remand for presentation of further testimony on the grounds that both parties had an adequate opportunity to present evidence before the Board. Vanguard appeals.

Vanguard presents seven issues for this Court's review. Vanguard contends: that the common pleas court erred in not reversing the Board in that the Board's findings of fact and conclusions of law are not supported by substantial evidence; that the common pleas court erred in not reversing the Board which committed an error of law by failing to find that Vanguard presented substantial and adequate evidence warranting a variance as set forth in Section 912 the Pennsylvania Municipalities Planning Code (MPC) [1]; that Vanguard did establish the prerequisites for granting a variance; that the Board improperly disregarded unrebutted testimony and uncontroverted facts regarding topography, ingress and/or egress, access and unnecessary hardship; that the common pleas court erred in not reversing

1. Act of July 31, 1968 P.L. 805, *as amended,* 53 P.S. § 10912. Repealed by Act of December 21, 1988, P.L. 1329 and replaced by Section 910.2 of the MPC, 53 P.S. § 10910.2. There are no changes in the statute relevant to this case.

the Board which abused its discretion by finding that commercial uses under the Smithfield Township Zoning Ordinance are strictly prohibited in an R-1 district and by incorrectly concluding that three individuals voiced opposition, when, in fact, only one individual voiced opposition; that the common pleas court erred in not finding the zoning ordinance de jure, and, or de facto exclusionary and violative of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section I of the Pennsylvania Constitution insofar as the ordinance totally excludes a communications tower as a permissible business activity within the township; and that the common pleas court abused its discretion by not permitting Vanguard to present additional evidence.

■ Our scope of review in a zoning appeal arising from the denial of a variance application where the common pleas court took no additional evidence is limited to a determination of whether the Board abused its discretion, committed an error of law or made findings of fact which are not supported by substantial evidence of record. *Appeal of Dinu*, 69 Pa.Commonwealth Ct. 595, 452 A.2d 95 (1982).

Vanguard's first four contentions are essentially a challenge to the sufficiency of the evidence and conclusions of law regarding the Board's determination that Vanguard failed to establish the prerequisites for a variance under Section 912 of the MPC, 53 P.S. § 10910.2.

Section 910.2 (formerly § 912) of the MPC provides:

(a) The board shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. The board may by rule prescribe the form of application and may require preliminary application to the zoning officer. The board may grant a variance, provided that all of the following findings are made where relevant in a given case:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shal-

lowness of lot size or shape, or exceptional topographical or their physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the appellant.

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

(b) In granting any variance, the board may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of this act and the zoning ordinance.

In *Dinu,* this Court stated:

In order to establish their right to a variance, Appellants must show that the zoning ordinance uniquely burdens the property with a unnecessary hardship and that the variance would not adversely affect the public health safety or welfare. *Borough of Emmaus v. Schuler,* 48 Pa.Commonwealth Ct. 100, 409 A.2d 444 (1979). An unnecessary hardship may be shown by proof that 1) the physical characteristics of the property are such that it

cannot be used for any permitted purposes or that it could only be used for such purposes at prohibitive expense or 2) the characteristics of the area are such that the property has either no value or only a distress value for any permitted purpose. *Avanzato Appeal,* 44 Pa. Commonwealth Ct. 77, 403 A.2d 198 (1979). Variances, especially those allowing a commercial use in a residential district should only be granted under exceptional circumstances. *Pfile v. Borough of Speers,* 7 Pa.Commonwealth Ct. 226, 298 A.2d 598 (1972). Finally, economic hardship, short of hardship which would render the property practically valueless, does not justify a variance. *Township of Washington v. Washington Township Zoning Hearing Board,* 27 Pa.Commonwealth Ct. 510, 365 A.2d 691 (1976).

*Dinu,* 69 Pa.Commonwealth Ct. at 598, 452 A.2d at 96.

Vanguard's project site is located in a district zoned R–1 under the Ordinance. A commercial building or a 180 foot tower is not a permitted use under Article III, § 3.2.2 of the Ordinance. Further, Article V, § 5.1.2.5 of the Ordinance limits the height of utility towers to twenty feet from the ground or not more than four feet above the limited height of the building as set forth in the Ordinance for the appropriate district.

At a hearing before the Board on June 23, 1988, Krawitz and Harraka testified on behalf of Vanguard. Also, Snavely, the Smithfield Zoning Officer, Elizabeth Weekes (Weekes) an attorney for Mary Leister (Leister), an adjacent property owner, Jim Banks, Leister's son-in-law, and Kenny Wong, another adjacent property owner, testified at this hearing.

On August 4, 1988, the Board rendered a decision denying Vanguard's application for a variance. In its decision, the Board states:

The applicant has failed to show any prerequisite for the issuance of a variance. There are no unique physical circumstances or conditions regarding topography or shape of the lot or other physical conditions which will

prevent the development of this parcel in strict conformity with the rules and regulations of the Ordinance. Any financial hardship suffered by the applicant has been created by the applicant because of its failure to secure permits prior to the investing of the $300,000.00 to build the commercial building and tower. Obviously, if the Board would grant the variance, it would alter the character of the R–1 neighborhood and certainly will not represent the minimum variance that will afford relief and the least modification possible of the Ordinance.

Board's decision, August 4, 1988, at 19.

■ On review an appellate court may not substitute its interpretation of the evidence for that of the Board. Assuming the record demonstrates the existence of substantial evidence, the Court is bound by the Board's findings which are the result of resolutions of credibility and conflicting testimony rather than a capricious disregard of evidence. *Snyder v. Railroad Borough*, 59 Pa.Commonwealth Ct. 385, 430 A.2d 339 (1984). The Board, as fact finder has the power to reject even uncontradicted testimony if the Board finds the testimony to be lacking in credibility. *George v. Zoning Hearing Board of Upper Moreland Township*, 39 Pa.Commonwealth Ct. 472, 396 A.2d 478 (1978).

■ In this case, Harraka failed to present any evidence that the project site could not be used for any permitted uses in an R–1 district such as single family detached dwellings, resorts, camps and associations not operated primarily for business enterprise but for seasonal use and outdoor recreation and entertainment facilities. Instead, Harraka testified that the hardship resulted because a cellular transmission tower requires the highest possible elevation and thus Vanguard was limited to this site in the R–1 district. However, the mere fact that a property can be put to more profitable use than that permitted under the zoning ordinance does not entitle the property owner to a variance. Before a hardship is sufficient to justify the grant of a variance the economic hardship inflicted must

nearly render the subject property valueless. *Glennon v. Zoning Hearing Board of Lower Milford Township*, 108 Pa.Commonwealth Ct. 371, 529 A.2d 1171 (1987).

 Also, Krawitz's testimony fails to establish that the property possesses such unique circumstances that it could not be used for any of the permitted uses in the R–1 district. Krawitz stated that the project site is relatively inaccessible and he also noted that there is better access from the adjacent property owned by Mary Leister. (Notes of Testimony, June 23, 1988, (N.T.) at 7–8.) It is apparent that Vanguard's limited access is, at a minimum, self-inflicted. Vanguard had leased only a small portion of the twenty-six acre tract owned by Krawitz, to wit: 44,876 square feet out of a total area of 1,132,560 square feet. Vanguard presented no evidence that the remaining acreage is inaccessible. Krawitz even testified that his twenty-six acre property fronts Route 611 in Stroud Township. (N.T. at 12.) Although Vanguard may not have access to its tower site through Smithfield Township, no evidence was presented as to the accessibility of the Krawitz property in Stroud Township. In order for a variance to be justified, the hardship must encompass the subject property as a whole, not just a portion thereof. *813 Associates v. Zoning Hearing Board of Springfield Township*, 84 Pa.Commonwealth Ct. 420, 479 A.2d 677 (1984).

We must conclude that the Board was correct in making the finding that Vanguard had failed to establish the prerequisites for the issuance of what amounts to a variance entitling Vanguard to operate a commercial use in a low density residential district. Vanguard failed to carry its burden of establishing unique physical circumstances or conditions regarding the topography which would prevent the development of the property in accordance with the permitted residential or non-commercial uses in the R–1 district.

Vanguard next contends that the common pleas court erred in not reversing the Board and alleges that the Board abused its discretion by finding that commercial uses are

strictly prohibited in an R-1 district and by holding that three individuals voiced opposition to the proposed variance when, in fact, only one individual offered an insubstantial and speculative opposition.

 Vanguard is correct to some extent in asserting that the Board was inaccurate. Contrary to the Board's finding it is clear that certain non-residential uses are permitted in the R-1 district. These uses are limited to commercial camps for seasonal use. Furthermore, these camps, membership clubs or associations cannot be operated primarily for a business enterprise. Article 3, § 3.2.2 of the Ordinance. But this inaccuracy is of no solace to Vanguard. Vanguard's outbuilding and 180 foot tower cannot be classified as a recreational or outdoor entertainment use. In fact, Harraka testified that Vanguard's building and tower are commercial structures. (N.T. at 48.) These types of commercial structures are prohibited in the R-1 district. In addition, Vanguard's 180 foot tower far exceeds the maximum height limitations set forth in Article 5, § 5.1.2.5 of the Ordinance.

 Vanguard also argues that the Board abused its discretion by stating that three individuals voiced opposition to the proposed variance when only one individual did so. Vanguard's contention is without direction or import and erroneous in any event. Lack of an objection has never been a basis for the allowance of a variance. *Christner v. Zoning Board of the Borough of Mount Pleasant,* 40 Pa.Commonwealth Ct. 87, 397 A.2d 30 (1979).

Vanguard next contends the common pleas court erred in not finding the Ordinance either de jure or de facto exclusionary and violative of the Fifth and Fourteenth Amendments of the United States Constitution as well as Article I, § 1 of the Pennsylvania Constitution because it totally excludes a communications tower as a permissible business activity within the township.

 However a review of the record indicates that Vanguard failed to raise a challenge to the validity of the

Ordinance before either the Smithfield Township Board of Supervisors or the Board. Accordingly, Vanguard's contention that the Ordinance is either de facto or de jure exclusionary, which was raised for the first time on appeal to the common pleas court, is waived. Pa.R.A.P. 302(a). Furthermore, the proper methods to challenge on substantive grounds the validity of an ordinance which a party has an interest is to submit a validity challenge to the zoning hearing board or submit the challenge accompanied by a curative amendment to the governing body. *See* Sections 609.1, 909.1 and 916.1 of the MPC,[2] 53 P.S. §§ 10609.1, 10909.1 and 10916.1. *See* Sections 609.1 and 1004 of the MPC, 53 P.S. §§ 10609.1 and 11004. Article 9, §§ 9.1.1–9.3 of the Ordinance sets forth the procedure for seeking an amendment by majority vote of the Board of Supervisors. Vanguard did not avail itself of this procedure, but instead sought a variance. A request for curative amendment or rezoning is fundamentally different from a variance. A zoning hearing board only has jurisdiction to determine a request for a variance, not a request for rezoning under the guise of a variance. *Sposato v. Board of Adjustment of Radnor Township,* 440 Pa. 107, 270 A.2d 616 (1970).

■■■ Vanguard's final contention is that the common pleas court abused its discretion by not permitting Vanguard the opportunity to present additional evidence to either the court or the Board which Vanguard identified in its petition and brief to the common pleas court.

In *Lower Allen Citizens v. Lower Allen Township Zoning Hearing Board,* 93 Pa.Commonwealth Ct. 96, 500 A.2d 1253 (1985) this Court addressed a similar contention that the common pleas court erred as a matter of law when it denied the appellant the opportunity to present additional evidence. In *Lower Allen* the Court stated:

**2.** Although not applicable to the present case sections 609.1, 909.1 and 916.1 of the MPC were amended by the Act of December 21, 1988, P.L. 1329, No. 170. These amended provisions replace former sections 609, 910 and 1104 of the MPC regarding substantive challenges to the validity of an ordinance and curative amendments.

The decision to take additional evidence is vested in the discretion of the common pleas court. *C & D Landscaping Appeal,* 64 Pa.Commonwealth Ct. 448, 440 A.2d 1265 (1982). In order to be entitled to present additional evidence under Section 1010, the Appellant must demonstrate that the record before the Board is incomplete either because Appellant was refused the opportunity to be fully heard or that relevant testimony was excluded. *Boron Oil Co. v. City of Franklin,* 2 Pa.Commonwealth Ct. 152, 157, 277 A.2d 364, 366 (1971); *Hedrick v. Zoning Hearing Board of Lower Saucon Township,* 23 Pa.D. & C.3d 684, 636 (C.P.Northampton 1981).

*Lower Allen,* 93 Pa.Commonwealth Ct. at 106, 500 A.2d at 1259.

Also, where a Board's decision is sound and based on substantial evidence, the taking of additional evidence is clearly unnecessary. *Ernsberger v. Zoning Board of Adjustment of the City of Pittsburgh,* 109 Pa.Commonwealth Ct. 373, 531 A.2d 98 (1987), *allocatur denied* 517 Pa. 625, 538 A.2d 878 (1988). In this case, Vanguard has failed to establish that it was refused the opportunity to be heard or that any relevant testimony that was offered was excluded. Edwin Krawitz, an attorney, testified on behalf of Vanguard. (N.T. at 2–14.) In addition, Krawitz examined Snavely. (N.T. 81–84.) Harraka, Vanguard's representative, also testified on behalf of Vanguard. (N.T. at 15–52, 88–93.) Furthermore, an examination of the August 4, 1988, decision of the Board reveals it was based on findings supported by substantial evidence. As a result, we must conclude that the common pleas court did not abuse its discretion or commit an error of law in denying Vanguard's request to present additional evidence. Accordingly, we affirm.

## ORDER

AND NOW, this 22nd day of December, 1989, the order of the Court of Common Pleas of Monroe County in the above-captioned proceeding is hereby affirmed.