**HERITAGE BUILDING GROUP, INC., Appellant,**

v.

**BEDMINSTER TOWNSHIP BOARD OF SUPERVISORS.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1999.

Decided Nov. 17, 1999.

Reargument Denied Jan. 18, 2000.

John A. VanLuvanee, Doylestown, for appellant.

John B. Rice, Perkasie, for appellee.

Before McGINLEY, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

Heritage Building Group, Inc. (Heritage) appeals from an order of the Court of Common Pleas of Bucks County (trial court) affirming the July 28, 1998 decision of the Bedminster Township Board of Supervisors (Board), which denied the curative amendment application filed by Heritage pursuant to section 609.1(a) of the Pennsylvania Municipalities Planning Code (MPC).[1] We affirm.

Heritage is the equitable owner of five parcels of land, containing roughly 190.2 acres, in Bedminster Township (Township), Bucks County.[2] Approximately 100 acres are located in the Township's AP–Agricultural Protection zoning district, and approximately ninety acres are located in the Township's I–Industrial zoning district. (Board's Findings of Fact, No. 1; Board's decision at 18.)

Heritage challenged the Township's zoning ordinance as exclusionary, alleging that it did not provide a "fair share" of land within the Township for the development of mobile home parks and a "reasonable range of multi-family dwellings in various arrangements."[3] (Board's Findings of Fact, Nos. 1, 6.) Heritage submitted a curative amendment to the Board, proposing that the Township: (1) rezone Heritage's AP–Agricultural Protection property as I–Industrial; (2) include Use B12 Apartment and Use B13 Townhouse as separate land uses in an I–Industrial district; and (3) include Use B5 Mobile Home Park as a permitted use in the I–Industrial district. (Board's Findings of Fact, No. 5.)

The Board held hearings on the matter and, based on the evidence presented, denied Heritage's curative amendment application.[4] In doing so, the Board found that

---

1. Section 609.1(a) of the MPC, Act of July 31, 1968, P.L. 805, *as amended,* added by section 10 of the Act of June 1, 1972, P.L. 333, 53 P.S. § 10609.1(a), provides, in pertinent part, as follows:

    A landowner who desires to challenge on substantive grounds the validity of a zoning ordinance or map or any provision thereof, which prohibits or restricts the use or development of land in which he has an interest may submit a curative amendment to the governing body with a written request that his challenge and proposed amendment be heard and decided as provided in section 916.1 [of the MPC, added by section 99 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10916.1]....

2. The five parcels are identified as Bucks County Tax Map Parcel Nos. 01–019–044, 01–019–043–02, 01–019–030, 01–019–031 and 01–019–031–1. The property is located on the east side of U.S. Route 611, north of Township Line Road, east of Sawmill Road and south of Old Easton Road. (Board's Findings of Fact, No. 1.)

3. Section 604(4) of the MPC, 53 P.S. § 10604(4), states that zoning ordinances shall be designed:

    To provide for the use of land within the municipality for residential housing of various dwelling types encompassing all basic forms of housing, including single-family and two-family dwellings, and a reasonable range of multifamily dwellings in various arrangements, mobile homes and mobile home parks, provided, however, that no zoning ordinance shall be deemed invalid for the failure to provide for any other specific dwelling type.

4. The Board noted that its zoning ordinance is presumed to be valid and that Heritage had a heavy burden to prove otherwise. *Overstreet v. Zoning Hearing Bd. of Schuylkill Township,* 152 Pa.Cmwlth. 90, 618 A.2d 1108 (1992). The Board then set forth the three-prong test for deciding de facto exclusionary challenges from *Surrick v. Zoning Hearing Bd. of Township of Upper Providence,* 476 Pa. 182, 382 A.2d 105 (1977):

    First, the inquiry must focus on whether the community in question is a logical area for

the Township is a rural community, with all the characteristics of a rural community,[5] and that the Township would retain its rural character through the year 2010.[6] (Board's Findings of Fact, Nos. 15, 32–35; Conclusions of Law, No. 9.) The Board concluded that, at this time, the Township is not a logical area for development and population growth, i.e., that the Township is not yet in the path of population expansion in Bucks County. (Board's op. at 20–22; Conclusions of Law, No. 23.) Heritage filed an appeal with the trial court, which affirmed the Board's decision.

■ On appeal to this court,[7] Heritage argues that the Board erred in concluding that the Township is not in the logical path of population growth and development in Bucks County.

■ In making this argument, Heritage relies, in part, on the expert opinion of E. Van Rieker, a professional land planner. However, the Board did not find Rieker's testimony to be credible. (Conclusions of Law, No. 11.) As the fact finder, the Board has the power to reject even uncontradicted testimony if the Board finds the testimony to be lacking in credibility. *Vanguard Cellular System v. Zoning Hearing Board of Smithfield Township*, 130 Pa.Cmwlth. 371, 568 A.2d 703 (1989), *appeal denied*, 527 Pa. 620, 590 A.2d 760 (1990). Therefore, in considering whether the Township is in the logical path of population growth and development in Bucks County, we may not consider Rieker's testimony.

■ Heritage also bases its argument on evidence showing the Township's proximity to a large metropolitan area, the growth and development of neighboring communities and the desire of developers to build within the Township. To determine whether a community is in the logical path of population growth and development, courts must consider various factors. These include: (1) projected population

---

population growth and development. Next, if the community is in the path of growth, the present level of development must be examined. Lastly, if the community which is located in the path of growth is not already highly developed, then the reviewing body must determine if the zoning ordinance has the practical effect of unlawfully excluding the legitimate use in question. *Overstreet*, 618 A.2d at 1113 (citing *Surrick*). Although the Board determined that Heritage failed to prove the first prong of the *Surrick* test, i.e., that the Township is in the path of growth, the Board addressed all three parts of the test.

5. The Board made detailed findings regarding the rural character of the Township. For example, the Board found that approximately eighty-nine per cent of the Township's total land area involves land uses of a rural character. (Board's Findings of Fact, No. 18.) The Board also found: that all of the roads within the Township are two-lane, high-crown rural roads with inadequate or no shoulders; that the Pennsylvania Department of Transportation (DOT) has no plans for roadway improvements or construction within the Township; that there are no existing or proposed public transportation centers or facilities within the Township; and that there are no airports within the Township. (Board's Findings of Fact, Nos. 24–25, 29.) The Board also found that the Township has no shopping centers or significant retail shopping opportunities. (Board's Findings of Fact, No. 28.)

6. In making this finding, the Board accepted the testimony of Michael Frank, an expert in the area of community planning. (Board's Findings of Fact, No. 14; Conclusions of Law, No. 9.) Frank testified that the Delaware Valley Regional Planning Commission (DVRPC) had done a population, housing and employment study and concluded that the Township would retain its rural character through the year 2010 and would *not* reach the next level of development, referred to as "suburban fringe," by the year 2010. (Board's Findings of Fact, Nos. 32–35.)

7. Our scope of review is limited to determining whether the governing body committed an abuse of discretion or an error of law. *Baker v. Chartiers Township Zoning Hearing Bd.*, 677 A.2d 1274 (Pa.Cmwlth.1996), *appeal denied*, 547 Pa. 738, 690 A.2d 238 (1997). A governing body abuses its discretion when its findings of fact are not supported by substantial evidence, which is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Association v. Zoning Bd. of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

growth; (2) anticipated economic development; (3) access by major roads or public transportation; (4) the growth and development of neighboring municipalities; (5) proximity to a large metropolitan area; and (6) attempts by developers to obtain permission to build. *See Surrick; Appeal of Girsh,* 437 Pa. 237, 263 A.2d 395 (1970); and *Overstreet v. Zoning Hearing Board of Schuylkill Township,* 152 Pa.Cmwlth. 90, 618 A.2d 1108 (1992).

Here, the Board accepted the testimony of Michael Frank, a community planning expert, who stated that, based on population, housing and employment projections, the Township would retain its rural character through the year 2010. (Board's Findings of Fact, Nos. 14, 32–35; Conclusions of Law, No. 9.) The Board also found that all of the roads within the Township are two-lane, high-crown rural roads with inadequate or no shoulders and that there are no public transportation facilities within the Township. (Board's Findings of Fact, Nos. 24, 29.) As for the growth and development of neighboring municipalities and the Township's proximity to a major metropolitan area, the Board found that, except for Plumsteadville, the growth areas in the "Upper Bucks Region" lie along major roadways in the western portion of the region, away from the Township. (Board's Findings of Fact, Nos. 40–41.) Based on these findings, which are supported by substantial evidence, we find no error in the Board's conclusion that, currently, the Township is not in the logical path for population growth and development in Bucks County.[8]

Accordingly, we affirm.[9]

8.  It is true that Heritage wants to build within the Township; however, we cannot conclude from that fact alone that the Township is in the path of growth.

9.  In order to challenge the second and third prongs of the *Surrick* test, the challenger must demonstrate that the community in question is in the path of growth, which is the first prong of the *Surrick* test. Because Heritage

*ORDER*

AND NOW, this 17th day of November, 1999, the order of the Court of Common Pleas of Bucks County, dated March 25, 1999, is hereby affirmed. The Motion for Remand filed by Heritage Building Group, Inc. in the above-captioned matter is denied.

did not prevail on that issue here, we may not address whether the Board erred in concluding: (1) that the Township lacks sufficient "undeveloped" land to accommodate growth; and (2) that the Township's zoning ordinance is not exclusionary with respect to multifamily dwellings and mobile home parks, i.e., that the Township provides its "fair share" of those land uses.