**Orange Stones Co. v. Borough of Hamburg Zoning Hearing Board**

*Daniel F. Schranghamer,* for appellant.

*Charles F. Fitzpatrick,* for appellee Borough of Hamburg Zoning Hearing Board.

*James E. Gavin,* for intervenor Borough of Hamburg.

LASH, *J.,* April 29, 2009—The matter before this court is the land use appeal filed by appellant, Orange Stones Company, from a decision entered by the Borough of Hamburg Zoning Hearing Board dated October 2008, denying the application of Orange Stones for a zoning permit. Orange Stones had submitted a permit application to the Borough of Hamburg for a proposed use stated in the application to be a "68-bed inpatient, non-hospital rehabilitation center for drug and alcohol persons with 16-bed halfway house." The board denied the application on the basis that the premises was situate in a flood plain and that the contemplated uses constituted a "hospital" and a "jail or prison," both of which are prohibited by the zoning ordinance from being constructed within a floodplain.

Orange Stones, formerly known as Alcat Reentry Centers Inc., is the owner of real property (premises) located at 215 Pine Street, in the Borough of Hamburg, Berks County, Pennsylvania. The premises is located in a VC borough and village center zoning district as defined

by the Borough of Hamburg Zoning Ordinance.[1] The premises is located in a "zone AE" within the floodplain boundary of a 100-year floodplain.

On or about June 17, 2008, Orange Stones[2] submitted an application for a zoning permit for the premises. In the application, the proposed use was described as "first floor: 68-bed inpatient, non-hospital rehabilitation center for drug and alcohol persons with 16-bed halfway house."

After consideration of the application, the borough zoning officer issued correspondence to Orange Stones, dated July 10, 2008, denying the application. Among other concerns raised, the zoning officer found that the proposed use is prohibited under section 508.8.7.1.a of the zoning ordinance because the proposed use meets the definition of hospital. In making this finding, the zoning officer found that the proposed use would include a detoxification facility, a conclusion he reached based upon consideration of a previous application filed by Orange Stones on June 2, 2008, which specifically included a listing of detoxification facilities as a proposed use.

Orange Stones then appealed to the board, who held hearings on August 26, 2008 and September 29, 2009. In its decision, dated October 2008, the board denied the appeal on the basis that the proposed use violated section 508.8.7 of the zoning ordinance.[3] Specifically, the board

---

1. Ordinance number 725-04 of the Borough of Hamburg.

2. We note that the initial application was filed in the name of Alcat Reentry Centers Inc. However, for sake of clarity, at all times, we shall refer to the appellant as Orange Stones.

3. Section 508.8.7.1 of the zoning ordinance states:

"Identification of activities requiring a special permit. In accordance with the Pennsylvania Floodplain Management Act (Act 1978-166)

determined that the proposed use was within the definition of a "hospital," because it included a detoxification unit. Secondly, the board determined that the "halfway house" use constituted use of the premises as a "jail or prison." Third, the board found that the premises was located within a floodplain. Because section 508.8.7 of the Hamburg Zoning Ordinance prohibits the construction, enlargement or expansion of any structure located within a floodplain for a hospital, jail or prison use, the application was denied. This appeal followed.

This court's standard of review, having taken no additional evidence, is limited to determining whether the zoning hearing board abused its discretion or committed an error of law. *Center City Residents Association v. Zoning Board of Adjustment,* 48 Pa. Commw. 416, 410 A.2d 374 (1980). As stated in *Zoning Hearing Board of Sadsbury Township v. Board of Supervisors of Sadsbury Township,* 804 A.2d 1274, 1278 (Pa. Commw. 2002):

"An abuse of discretion will be found only if the zoning board's findings are not supported by substantial evidence, that is, such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Association v. Zoning Board of Adjust-*

---

and regulations adopted by the Department of Community and Economic Development as required by the Act, the following obstructions and activities are prohibited if located partially or entirely within any identified floodplain district:

"1. The commencement of any of the following activities or the construction, enlargement or expansion of any structure used, or intended to be used, for any of the following activities:

"a. Hospitals

"b. Nursing homes

"c. Jails or prisons."

*ment,* 501 Pa. 550, 462 A.2d 637 (1983). *Teazers Inc. v. Zoning Board of Adjustment,* 682 A.2d 856 (Pa. Commw. 1996). Upon reviewing a decision of a zoning hearing board, a court may not substitute its judgment for that of the board; and, assuming the record demonstrates substantial evidence, the court is bound by the board's findings which result from resolutions of credibility and the weighing of evidence rather than a capricious disregard for the evidence. *Vanguard Cellular System Inc. v. Zoning Hearing Board,* 130 Pa. Commw. 371, 568 A.2d 703 (1989), *petition for allowance of appeal denied,* 527 Pa. 620, 590 A.2d 760 (1990)."

In the within appeal, Orange Stones argues that the board erred in finding that the proposed use constituted a hospital, because its determination was based solely on the board's incorrect belief that the use would include detoxification facilities. The detoxification facility use was referenced solely in the application filed by Orange Stones on June 2, 2008, which application was subsequently withdrawn. The within application dated June 17, 2008 made no reference to including detoxification as a use for the facility. Further, the evidence presented by Orange Stones at the hearing specifically set forth that the premises would not be used for a detoxification facility.

Secondly, Orange Stones contends that the board erred in considering whether a halfway house falls within the definition of a jail or prison. Orange Stones argues that this matter was decided in its favor by the zoning officer who, while denying the application for other reasons, did not list the halfway house use as a basis for the denial. Accordingly, the board exceeded its authority in consid-

ering this issue, then denying the application on that basis. In the alternative, Orange Stones urges that the matter should be remanded to provide a record necessary to establish that the halfway house use does not fall within the definition of a jail or prison.

Initially, we reject Orange Stones argument that the board wrongfully considered whether the proposed halfway house use falls within the definition of "jail or prison." A zoning hearing board is a quasi-judicial body which performs "formal fact-finding and deliberative functions in a manner similar to that of a court." *Kennedy v. Upper Milford Township Zoning Hearing Board,* 575 Pa. 105, 121, 834 A.2d 1104, 1114 (2003). Accordingly, its functions include conducting a hearing and receiving evidence from which the factual findings are drawn. The hearing being conducted is a de novo hearing. See *East Allegheny Community Council v. Oncology-Hematology Associates,* 783 A.2d 375, 379-80 (Pa. Commw. 2001). As such, all issues pertinent to the matter at hand may be considered. Here, the application for a zoning permit contemplates a proposed halfway house use. The propriety of such a use is, therefore, properly before the board. The fact that the zoning officer did not comment on this proposed use or use it as a basis for his denial, is not dispositive.

We turn then to Orange Stone's concern on whether the record is sufficient to make a determination on whether the contemplated "halfway house" constitutes a jail or prison. We agree that the record is not extensive. The record establishes that Orange Stones would enter into an agreement with the federal government, whereby federal prisoners would be transferred from a federal

facility to the Orange Stones facility for the purpose of "serving out the last part of their sentence," where they would learn "life skills and job placement."[4] Nothing was presented regarding the method of operations, such as the nature and extent of security, the specific types of programs to be offered, and the extent of the prisoners' freedoms and restrictions, among other things.

Nevertheless, the record is sufficient to proceed. Since the proposed clients are federal prisoners, their status, eligibility for placement, and other pertinent concerns are governed by the procedures set for the Federal Bureau of Prisons. Under these procedures, a halfway house is considered "community confinement," defined in 28 C.F.R. §570.20 (2008) as:

"[R]esidence in a community treatment center, halfway house, restitution center, mental health facility, alcohol or drug rehabilitation center, or other community correctional facility (including residential reentry centers); and participation in gainful employment, employment search efforts, community service, vocational training, treatment, educational programs, or similar facility-approved programs during non-residential hours."

Under 28 C.F.R. §570.21 (2008), "Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed 12 months."

We see from these definitions that community confinement qualifies in appropriate cases, for partial service of

---

4. Scott Snyder, secretary/treasurer of Orange Stones, notes of testimony, 8/26/08, p. 79.

a prisoner's "term of imprisonment." Additionally, this confinement is considered "residential." Accordingly, although the nature and extent of the prisoner's freedoms, including the hours he would be permitted off-site, were not presented for the record, it is apparent that the prisoner would nevertheless be serving a sentence, considered to be confined, and required to be present at the facility when not engaged in a program.

The zoning ordinance does not define "prison" or "jail." However, the term "prison" is defined in the Pennsylvania Code[5] as a place, institution, building (or part thereof), set of buildings or area (whether or not enclosing a building or set of buildings) that is used for the lawful custody of individuals. From the definition, it appears the elements needed to meet the definition of "prison" are basic: (1) a facility which is (2) used for governmental custody of individuals.

It is apparent, therefore, even with this scant record, that the 16-bed halfway house use falls within the definition of jail or prison. As stated by the United States District Court for the Middle District of Pennsylvania, a "community confinement center is unquestionably a 'correctional facility.'" *Serafini v. Dodrill,* 325 F. Supp.2d 535, 537 (M.D. Pa. 2004). We find that the board was correct in making this determination, and the appeal must be dismissed.[6]

We enter the following order:

---

5. 37 Pa. Code §95.220a.

6. Accordingly, we do not address the question on whether the proposed use constitutes a "hospital."

## ORDER

And now, April 29, 2009, upon consideration of the land use appeal of appellant, Orange Stones Company, response thereto, briefs filed by the parties, consideration of the record, and after argument held, the decision of the Borough of Hamburg Zoning Hearing Board entered on October 2008 is affirmed. The appeal is hereby dismissed.