638 A.2d 365

William CARMAN and Victoria Senbertrand
and Mary Beth Marzulli, Appellants,

v.

ZONING BOARD OF ADJUSTMENT OF THE CITY
OF PHILADELPHIA and City of Philadelphia
and Cottage Glen Developers, Inc.

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1993.

Decided Feb. 9, 1994.

Reargument Denied March 28, 1994.

1. 75 Pa.C.S. § 1543(b).
2. 75 Pa.C.S. § 1543(d).

Richelle D. Hittinger, for appellants.

Carl S. Primavera, for appellees.

Before CRAIG, President Judge, and SMITH, J., and HONORABLE GEORGE T. KELTON, Senior Judge

SMITH, Judge.

William Carman, Victoria Senbertrand and Mary Beth Marzulli (collectively, Objectors) appeal from an order of the Court of Common Pleas of Philadelphia County affirming a decision of the Zoning Board of Adjustment of the City of Philadelphia (Board) which determined that Cottage Glen Developers, Inc. (Developer) had a vested right in a zoning permit erroneously issued by the City's Department of Licenses and Inspections (Department) which granted a variance to Developer for property located at 8300 Cottage Street, Lot # 1, Philadelphia, Pennsylvania (Lot # 1). The issues presented are whether the Board erred as a matter of law in concluding that Developer had vested rights to the permit issued in violation of zoning regulations and that Developer established the criteria necessary to entitle it to a variance pursuant to Section 14–1802(1) of the Philadelphia Zoning and Planning Code (Code).

I

Lot # 1 is an irregularly shaped lot which is part of a larger development of homes constructed by Developer in an area zoned "R–5" residential. Prior to construction, Developer designed a model and applied for a permit to construct twenty

single-family homes which included one detached home and nineteen semi-detached structures, also known as "twins." Developer designated the unit to be built on Lot # 1 as a semi-detached structure or half a twin to be built directly on the property line. The model did not indicate whether another semi-detached structure would be attached to the half-twin on Lot # 1. After Developer commenced construction on Lot # 1, the Department received inquiries which led it to review Developer's application and revoke the permit by letter dated November 7, 1991. Developer applied for a variance and also argued that it was entitled to complete the structure on Lot # 1 based upon the doctrine of vested rights.

Eileen Evans, a zoning examiner with the Department, testified before the Board for Developer and stated, in pertinent part, that she is aware of permits that the Department issued allowing half twins similar to the one proposed for Lot # 1. She further testified that the permit was issued to Developer in good faith with the intention of complying with the provisions of the Code; the permit was revoked because she and her staff further researched Developer's application and found a Commonwealth Court decision which prohibited the issuance of the permit; and there was no way the house could be placed upon Lot # 1 in a way that it would meet all the requirements of the Code.

Phillip Harvey, President of Developer, testified, in pertinent part, that he and Lawrence Wynn are the owners of Cottage Glen Developers, Inc., and acquired the property in two separate transactions for the development in question. He further testified that although he has been in the building business since 1988 and is of the opinion that half twins are relatively common in neighborhoods in Northeast Philadelphia, this is the first time he built a half twin. At the time the permit was revoked, Developer had spent approximately $60,-000 on Lot # 1.

On behalf of Objectors, Doris Carman testified that she and her husband own the wooded lot adjacent to Lot # 1 and refused to sell that lot to Developer as their home is on the far side of the wooded lot and they enjoyed the privacy that it

provides. She further testified that neither Wynn nor Harvey informed her or her husband that Developer planned to build a house on the property line and never attempted to secure an easement or right-of-way through their wooded lot in order to access the planned construction for Lot # 1. In addition, she stated that trees and bushes were torn down on their wooded lot by Developer who used the cleared area without Objector's consent to store building materials. Although Developer later agreed to stop trespassing on the lot and make restitution, Developer continued to tear down trees and bushes and use the lot for storage, and Wynn sent Objector a check for $285 and a general release, which she and her husband did not sign.

Objector telephoned the police about the trespassing, and Wynn thereafter threatened her with various legal actions if she interfered with the workers again; and after the permit was revoked, Wynn again threatened Objector, her husband and other neighbors with lawsuits and eviction from their street because Developer was not allowed to finish this home. Mrs. Carman also presented a letter written by her husband, William Carman, which the Board accepted into the record without objection by Developer, and which indicated that the unit Developer constructed on Lot # 1 extends eight inches onto Objector's wooded lot and is not eight feet from the property line as required by the Code.

The Board determined, in pertinent part, that Developer has shown good faith throughout the proceedings and that the Objectors' evidence did not focus on the issues of vested rights or a variance but concerned trespass, damage and encroachment issues not within the Board's jurisdiction. The Board concluded that Developer acquired a vested right to the zoning permit and granted its application for a variance. The trial court affirmed the Board's decision.

## II

On appeal to this Court, Objectors argue that the Board erred in determining that Developer established a vested right in the permit because it was issued in violation of the Code and *Bogush v. Zoning Hearing Board of Coplay*, 63

Pa.Commonwealth Ct. 280, 437 A.2d 1086 (1981); and Developer failed to satisfy the criteria for a vested right because it failed to act in good faith throughout the proceedings and there was ample unrebutted evidence to prove that individual property rights would be adversely affected by the use of the permit. Objectors also argue that the Board erred in concluding that Developer met its burden of proving entitlement to a variance because it failed to establish that the property was burdened by an unnecessary hardship since the configuration of Lot # 1 was self-inflicted when Developer divided the two lots it purchased into twenty lots; and Developer failed to establish that the construction of the unit on Lot # 1 would not substantially or permanently injure the use of the Carman's adjacent conforming property where Developer permanently destroyed trees, bushes and shrubbery.[1]

The general rule is that a permit which is issued illegally or in reliance upon a mistake of fact confers no vested right or privilege upon the person to whom it is issued, even though the person may have made expenditures in reliance upon that permit. *Nowak v. Zoning Board of Bridgeville Borough*, 111 Pa.Commonwealth Ct. 470, 534 A.2d 165 (1987); *Bogush; Klavon v. Zoning Hearing Board of Marlborough Township*, 20 Pa.Commonwealth Ct. 22, 340 A.2d 631 (1975). However, the doctrine of vested rights may be applied as an exception to the general rule if the landowner to whom the permit was issued can demonstrate the following factors:

1. his due diligence in attempting to comply with the law;

2. his good faith throughout the proceedings;

3. the expenditure of substantial unrecoverable funds;

---

1. Where the trial court received no additional evidence on a zoning appeal, this Court's scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *In re Hoover*, 147 Pa.Commonwealth Ct. 475, 608 A.2d 607 (1992). The Board abuses its discretion when its findings are not supported by substantial evidence. *Randolph Vine Assoc. v. Zoning Board of Adjustment of Philadelphia*, 132 Pa.Commonwealth Ct. 452, 573 A.2d 255 (1990), *appeal denied*, 527 Pa. 589, 588 A.2d 512 (1991). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Kassouf v. Zoning Hearing Board of Scott Township*, 112 Pa.Commonwealth Ct. 182, 535 A.2d 261 (1987).

4. the expiration without appeal of the period during which an appeal could have been taken from the issuance of the permit;

5. the insufficiency of the evidence to prove that individual property rights or the public health, safety or welfare would be adversely affected by the use of the permit.

*Petrosky v. Zoning Hearing Board of Upper Chichester,* 485 Pa. 501, 507, 402 A.2d 1385, 1388 (1979). *See also Beecham Enterprises, Inc. v. Zoning Hearing Board of Kennedy Township,* 530 Pa. 272, 608 A.2d 1017 (1992).

In *Township of West Pikeland v. Thornton,* 106 Pa.Commonwealth Ct. 560, 527 A.2d 174 (1987), this Court recognized that landowners have an obligation to be truthful regardless of errors by zoning officials and determined that the landowners did not establish good faith because the plan submitted as part of their permit application contained misleading language as to the proposed use of the construction. Further, even if a landowner establishes his or her good faith in applying for a permit, later violations of an ordinance can refute the landowner's good faith argument.[2] Moreover, vested rights do not attach where "[t]he applicant deviates from that which has been approved by government officials." *Randolph Vine Assoc. v. Zoning Board of Adjustment of Philadelphia,* 132 Pa.Commonwealth Ct. 452, 460, 573 A.2d 255, 259 (1990), *appeal denied,* 527 Pa. 589, 588 A.2d 512 (1991), quoting, *Petrosky,* 485 Pa. at 508, 402 A.2d at 1389.

### III

Initially, this Court must note that the Board erred in summarily dismissing Objectors' evidence. While it is clear that issues regarding the Carmans' claims of trespass, property damage, and encroachment were not before the Board, the

2. *See Spargo v. Zoning Hearing Board of Bethel Park,* 128 Pa.Commonwealth Ct. 193, 563 A.2d 213 (1989) (although landowner acted in good faith in securing the permit for interior renovations of his property prior to conducting his dental practice therein, he did not establish a vested right to operate the office when he subsequently employed two assistants in violation of an ordinance which restricted the number of paid assistants in a home occupation to not more than one).

evidence concerning the conduct of Harvey, Wynn and Developer were absolutely relevant to and probative of whether Developer acted in good faith throughout these proceedings. Further, although Objectors appeared pro se before the Board, review of the record demonstrates that they were not attempting to raise trespass, property damage or encroachment claims but merely sought to inform the Board of Developer's conduct and how that conduct affected their community.

The Board found that Developer acted in good faith because the statements upon which the permit was issued were truthful, Developer's application clearly indicated that it intended to build on the property line, and Developer was aware that other half twins had been built in northeast Philadelphia.[3] However, this finding is not based upon substantial evidence because Developer did not rebut Mrs. Carman's testimony that the Carmans refused Developer's offer to purchase the wooded lot adjacent to Lot # 1, and Developer did not establish that it informed the Department that there were no plans to build another half to the twin because the Carmans refused to sell their adjacent lot.

Thus, Developer misrepresented that the structure on Lot # 1 was to be semi-detached when in fact the Developer knew the structure would remain detached. Further, the unrefuted evidence presented by the Carmans established that Developer was not entitled to a vested right in the permit as Mrs. Carman's testimony regarding the continued trespass and destruction of her property and Developer's repeated threats to sue the neighbors in retaliation for their objecting to its actions constitute substantial evidence that Developer did not exhibit good faith after it obtained the permit, *see Spargo;* and Mr. Carman's letter established that Developer deviated

3. The Board also noted that Developer was not aware of any reason why it should not rely upon the permit; the structure on Lot # 1 was the same general size and shape as the other units in the development; Developer proceeded with caution by informally presenting plans to the Department before applying for the permit; and Developer followed the Department's instructions exactly and immediately appealed from the permit's revocation. However, this Court need not address this part of the conclusion as these facts are relevant to whether Developer acted with due diligence, not whether Developer acted in good faith.

from the permit by building over the property line. *See Randolph Vine Assoc.*

With respect to the variance, Section 910.2 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2, requires that in order to grant a variance, unique physical circumstances which are not self-inflicted must exist and cause an unnecessary hardship or unreasonable inhibition of the use of the property. In addition, the variance must not adversely impact the health, safety, and welfare of the general public or authorize more than the minimum variance necessary to afford relief. *Goodman v. Zoning Board of Adjustment of Philadelphia,* 132 Pa.Commonwealth Ct. 298, 572 A.2d 848 (1990). These requirements are applicable to variances sought within the City pursuant to Section 14–1802(1) of the Philadelphia Zoning and Planning Code. Thus, a party seeking a variance has the burden of proving that unnecessary hardship will result if the variance is denied and that the proposed use will not be contrary to the public interest. *Valley View Civic Ass'n v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

Developer argues that its hardship is not self-inflicted because it and the Department believed that the Code permitted the subdivision as planned as a matter of right. However, it is well established that the law does not permit a developer to subdivide its land and then make a subsequent claim for a variance because a remnant of that land does not conform with a zoning ordinance. *Volpe Appeal,* 384 Pa. 374, 121 A.2d 97 (1956); *Ephross v. Solebury Township Zoning Hearing Board,* 25 Pa.Commonwealth Ct. 140, 359 A.2d 182 (1976). The opportunity for greater profit from more lots in a subdivision is not a ground for the grant of a variance. *Kelly v. Zoning Hearing Board of Upper Moreland Township,* 87 Pa.Commonwealth Ct. 534, 487 A.2d 1043 (1985); *Berger v. Zoning Hearing Board of Cheltenham Township,* 54 Pa.Commonwealth Ct. 405, 422 A.2d 219 (1980); *Ephross.*

In the matter sub judice, any hardship which Lot # 1 presents arose from the subdivision plan which created the undersized lot and therefore Developer is not entitled to a variance because the undersized lot could have been combined with Developer's adjacent property and obviated the need for a variance. Consequently, the Board erred in granting Developer's application for a variance and the order of the trial court is reversed.

## ORDER

AND NOW, this 9th day of February, 1994, the order of the Court of Common Pleas of Philadelphia County is reversed.