SOCIETY CREATED TO REDUCE URBAN BLIGHT (SCRUB), Friends of FDR Park, Anna C. Verna, Councilman David Cohen, Mary Crawley Tracy, and Center City Residents Association,

v.

ZONING BOARD OF ADJUSTMENT FOR THE CITY OF PHILADELPHIA and City of Philadelphia.

Appeal of: Conrail c/o Transportation Displays, Inc.

Commonwealth Court of Pennsylvania.

Argued March 6, 2001.
Decided April 26, 2001.

---

Thomas Leonard, Philadelphia, for appellant.

Robert M. Jaffe, Philadelphia and Samuel C. Stretton, West Chester, for appellees.

Before SMITH, Judge, PELLEGRINI, Judge, JIULIANTE, Senior Judge.

SMITH, Judge.

Conrail c/o Transportation Displays, Inc. (Conrail) appeals from an order of the Court of Common Pleas of Philadelphia County which reversed an order of the Zoning Board of Adjustment of the City of Philadelphia (Board) granting Conrail four (4) variances to erect outdoor advertising signs on its property adjacent to Interstate Route I–95 in South Philadelphia (Property). Conrail poses three question for the Court's review: (1) whether the Recreational zoning classification is effectively a nullity since the Property does not meet the Philadelphia Zoning Code (Zoning Code) requirements to be zoned as such; (2) whether the variance requests from the Zoning Code's limitations on placement of outdoor advertising signs should be considered under the dimensional variance standards of *Hertzberg v. Zoning Board of Adjustment of Pittsburgh*, 554 Pa. 249, 721 A.2d 43 (1998); and (3) whether substantial evidence supported the Board's findings that if the variances were denied Conrail would suffer unnecessary hardship and that the variances would not adversely affect public health, safety and welfare.

The Property is a narrow strip of land owned by Conrail adjacent to I–95 in South Philadelphia, which is approximately 55 feet wide and 2,700 feet long and is zoned Recreational. Three sets of railroad tracks span the length of the Property;

Conrail currently uses the tracks and has no plans to discontinue their use. Parts of the Franklin Delano Roosevelt Park, a publicly owned park, are located to the north and south. In 1989 Conrail applied to the Philadelphia Department of Licenses & Inspections (Licenses & Inspections) to erect four non-accessory outdoor advertising signs on the Property. The signs which Conrail sought to erect would have been double-faced and "V" shaped, measuring 14 feet in height and 48 feet in width, and would have been designed to advertise to vehicles traveling on I–95. Licenses & Inspections refused the application because of the Recreational zoning. Conrail appealed to the Board but withdrew the appeal before a decision was reached.

In 1991 the Philadelphia City Council added Section 14–1604 to the Zoning Code. Section 14–1604 provides controls on outdoor advertising and non-accessory advertising which apply to all areas of Philadelphia. Among other limitations, the section prohibits outdoor advertising and non-accessory advertising signs within 500 feet of another outdoor advertising sign; prohibits more than two sign faces and more than one sign support structure on one lot; limits the total sign face area; prohibits outdoor advertising and non-accessory advertising within 660 feet of an ingress/egress ramp of I–95; prohibits outdoor advertising and non-accessory advertising within 660 feet of a public park; and requires the removal of an existing sign or signs of equal or greater sign area for each outdoor advertising and non-accessory sign erected.[1]

---

1. Section 14–1604(2) of the Zoning Code prohibits outdoor advertising and non-accessory signs "within five hundred feet of any other outdoor advertising sign." Section 14– 1604(7) provides that "[n]o more than two (2) sign faces or advertising messages shall be permitted on any one (1) lot; provided, that no more than one (1) sign support structure

On March 26, 1999, Conrail filed four applications for use permits to erect four signs on the Property. Conrail again proposed to erect doubled-faced, "V" shaped, non-accessory outdoor advertising signs. Each sign would have a total sign face area of 2,400 feet. All of the signs would be located within 660 feet of a public park, and three of the signs would be located within 660 feet of an access ramp of I–95. Furthermore, Conrail does not propose to remove any existing outdoor advertising sign of equal or greater area than the proposed signs. Licenses & Inspections refused the application because outdoor advertising signs are not permitted in Recreational districts and because the proposal does not comply with Section 14–1604 of the Zoning Code.

Conrail appealed to the Board, and after holding a public hearing the Board voted to grant Conrail a variance for each proposed outdoor advertising sign. The Board concluded that Conrail had established an unnecessary hardship on grounds that the Recreational zoning classification for the Property is improper because it does not meet the Zoning Code requirements to be zoned Recreational. The Zoning Code permits only parcels of public land under the jurisdiction of the Philadelphia Department of Recreation, Fairmount Park Commission, Department of Forests and Waters of the Commonwealth of Pennsylvania or National Park Services of the United States to be zoned Recreational. The Board noted that Conrail could have erected the signs in 1989 without meeting the current requirements of Section 14–1604 if not for the improper zoning. The Board determined that the variances were the minimum necessary to afford relief and that the proposed signs would not have a negative impact on the public health, safety or welfare.

■ Appellees filed an appeal of the Board decision to the court of common pleas.[2] The court did not dispute the Board's conclusion that the Property was improperly zoned, but it noted, however, that Conrail was still required to comply with Section 14–1604. The court concluded that the Board's grant of the variances was improper and unsupported by substantial evidence because the Property has been and may continue to be productively used for the railroad business and therefore the evidence cannot establish the requisite unnecessary hardship. The court further rejected Conrail's arguments that the variances should be granted because they would have been allowed under Conrail's 1989 application and because they should be allowed as dimensional variances.[3]

shall be permitted on any lot." Section 14–1604(5)(b) limits maximum sign area to 1,500 square feet for frontages along a street 60 feet wide or wider. Section 14–1604(9)(b) prohibits outdoor advertising and non-accessory advertising signs "[w]ithin six hundred sixty feet of all ingress and/or egress ramps of the Delaware expressway (I–95)." Section 14–1604(9)(m) prohibits outdoor advertising and non-accessory advertising signs "[w]ithin six hundred sixty feet of any park, playground, recreation center, play lot or other recreational facility under the jurisdiction of the Department of Regulation." Section 14–1604(10) requires that an existing sign or signs of equal or greater sign area be removed for each

outdoor advertising and non-accessory sign erected.

2. Conrail maintains that Appellees lack standing to challenge the variances issued but concedes that they have standing as taxpayers pursuant to the Court's decision in *Society Created to Reduce Urban Blight v. Zoning Board of Adjustment of Philadelphia*, 729 A.2d 117 (Pa.Cmwlth.1999). The Court rejects Conrail's invitation to reconsider this recent precedent.

3. The Court's review of the order of the court of common pleas is limited here to determining whether the Board committed an error of

The standards for granting a variance in Philadelphia are well settled. The party seeking a variance bears the burden of proving that an unnecessary hardship will arise if the variance is not granted and that granting the variance will not be contrary to the public interest. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). The unnecessary hardship must arise from "the particular *physical* surrounding, shape, or topographical conditions of the specific structure or land involved." Section 14–1802(1)(a) of the Zoning Code (emphasis added). *See also* Section 910.2(a)(1) of the Pennsylvania Municipalities Planning Code (MPC)[4] (requiring that a zoning board find unnecessary hardship due to "physical circumstances or conditions" before granting a variance). Furthermore, the unnecessary hardship must be unique to the property rather than a hardship arising from the impact of zoning regulations on an entire district. *Valley View Civic Association.*

Any impropriety in the Property's zoning classification is not a unique *physical* circumstance or condition, and therefore it cannot provide the unnecessary hardship required to grant a variance. A zoning board may not grant rezoning under the guise of a variance; to remedy improper zoning one must file a request for a curative amendment or a request for rezoning, which are fundamentally different procedures from a request for a variance. *Sposato v. Board of Adjustment of Radnor Township*, 440 Pa. 107, 270 A.2d

616 (1970); *Vanguard Cellular System, Inc. v. Zoning Hearing Board of Smithfield Township*, 130 Pa.Cmwlth. 371, 568 A.2d 703 (1989). Even the need of an area for a complete rezoning classification does not permit the Board to grant a variance to a single property. *Hill District Project Area Committee, Inc. v. Zoning Board of Adjustment of Pittsburgh*, 162 Pa.Cmwlth. 323, 638 A.2d 278 (1994). Conrail did not avail itself of the proper procedures to challenge the Property's zoning classification.

The only other hardship suggested by Conrail to support the variances is Conrail's contention that if it is not allowed to place the signs on its property it will not be able to follow its national advertising practice and will lose the income that the signs would otherwise generate. This argument is wholly frivolous. The law is well settled that a mere showing of economic hardship or that a property could be utilized more profitably is insufficient to support the grant of a variance. *Mucy v. Fallowfield Township Zoning Hearing Board of Washington County*, 147 Pa. Cmwlth. 644, 609 A.2d 591 (1992). Accordingly, the Board's decision to grant the variances was plainly erroneous, and the court properly reversed the Board.

Conrail contends that because the Property is improperly zoned it is effectively unzoned and therefore Conrail should not have to comply with the requirements of a Recreational zoning classification. Conrail argues that it needs variances only from

---

law or an abuse of discretion. *Gall v. Zoning Hearing Board of Upper Milford Township*, 723 A.2d 758 (Pa.Cmwlth.1999).

4. Act of July 31, 1968, P.L. 805, *as amended*, added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2(a)(1). The MPC does not apply to Philadelphia. *See, e.g., Society Created to Reduce Urban Blight v. Zoning Board of Adjustment of Philadelphia*,

729 A.2d 117 (Pa.Cmwlth.1999). Nevertheless, the requirements set forth in Section 910.2(a) of the MPC are applicable to variances that are sought in Philadelphia pursuant to Section 14–1802 of the Zoning Code. *Carman v. Zoning Board of Adjustment of Philadelphia*, 162 Pa.Cmwlth. 80, 638 A.2d 365 (1994).

the requirements of Section 14–1604 in order to erect the signs and that those variances should be analyzed under the lesser standard for dimensional variances set forth in *Hertzberg.* This chain of reasoning fails for at least three distinct reasons. First, the Property is not unzoned. *Compare C & C Marine Maintenance Corp. v. Zoning Hearing Board of Georgetown Borough,* 686 A.2d 896 (Pa.Cmwlth. 1996). Rather the Board found that the existing zoning is improper. As previously mentioned, to correct improper zoning a landowner must request a curative amendment or rezoning. The Board may not short-circuit that process by granting a variance. *Sposato; Vanguard Cellular System.*

 Second, the variances that Conrail requires from Section 14–1604 are not dimensional. Dimensional variances involve only a reasonable adjustment from open area and space requirements in order to develop a *permitted* use. *Hertzberg.* In contrast, Section 14–1604 prohibits the use of property for outdoor advertising and non-accessory advertising unless its requirements are met. The requirement, for instance, that an existing sign or signs of equal or greater sign area be removed for each outdoor advertising and non-accessory sign erected cannot be reasonably characterized as dimensional. Third, even under the more relaxed *Hertzberg* standards, which allow courts to consider multiple factors in determining if a dimensional variance is justified, the zoning board nonetheless must find some unnecessary hardship arising from the unique physical circumstances or conditions of the lot before the zoning board may grant a variance. The record in this case is devoid of any evidence whatsoever to support a finding of unnecessary hardship. Accordingly, the order of the court of common pleas is affirmed.

***ORDER***

AND NOW, this 26th day of April, 2001, the order of the Court of Common Pleas of Philadelphia County is hereby affirmed.