**SOCIETY CREATED TO REDUCE URBAN BLIGHT (SCRUB), Mary Cawley Tracy, Councilman David Cohen,**

v.

**ZONING BOARD OF ADJUSTMENT OF THE CITY OF PHILADELPHIA, The City of Philadelphia, Eller Media Company, Shirley Pilkingston,**

**Appeal of Eller Media Company.**

Commonwealth Court of Pennsylvania.

Argued Nov. 6, 2002.
Decided Jan. 9, 2003.

---

Glenn A. Weiner, Philadelphia, for appellant.

Cheryl L. Gaston, Philadelphia, for appellee, Zoning Bd. of Adjustment of the City of Philadelphia.

Samuel C. Stretton, West Chester, for appellee, SCRUB.

Before PELLEGRINI, J., SIMPSON, J., and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

Eller Media Company (Eller) appeals from the order of the Court of Common Pleas of Philadelphia County (trial court) that reversed the order of the Zoning Board of Adjustment of the City of Philadelphia (Board) granting Eller's variance application. We affirm the trial court.

On October 27, 2000, Eller filed an application with the City's Department of Licenses and Inspections (L & I) for dimensional and use registration permits for a property located at 2246 Bridge Street,

Philadelphia (the Property). The permits were requested so that Eller could remove two, freestanding, single-faced, non-accessory signs and erect one freestanding, double-faced, illuminating, non-accessory outdoor advertising sign. L & I denied the application, and Eller appealed to the Board requesting a variance. The Society Created to Reduce Urban Blight (SCRUB), Mary Cawley Tracy, and Councilman David Cohen (collectively Appellees) appeared in opposition to the application at a hearing before the Board.

The Property is located at Bridge and James Streets in Philadelphia near I–95 in an R–9A Residential District. Section 14–210.1(1) of the City of Philadelphia Zoning Code (Code) does not permit outdoor advertising signs in the R–9A Residential District. The property was previously zoned C–2 Commercial, however, and in the 1960s, during the period when the property was so zoned, two free-standing, single-faced, non-accessory signs were erected on the Property. Thereafter, when I–95 was constructed, a portion of the property was condemned to make room for the highway. The original 60 by 100 foot Property was reduced to its present size of 3400 square feet. In 1972, a former owner obtained a variance to use the Property as a used car lot. That use continues to the present day, and the current occupant sells one to two cars a week from the location.

Eller's application proposed the removal of the two existing signs to be replaced by one sign in their place. The existing signs are each 12 by 25 feet, with a total height of 20 feet and a total area of 300 square feet. The proposed sign would measure 14 by 48 feet, for a total sign area of 1344 square feet. It would rise 25 feet from the road surface of I–95 to the bottom of the sign, with a frontage on James Street that would be 50 feet from the road surface to the bottom of the sign. In addition to the fact that the sign is not a permitted use in the zoning district, the proposed sign violates five sections or subsections of the Code as follows: (1) by being more than 25 feet above a road surface from which the advertising message would be visible (Section 14–1604(6)(a)); (2) by having a height of 64 feet, which is 29 feet higher than any non-residential structure permitted in the R–9A Residential District (Section 14–210–1(3)(b)); (3) by being within 300 feet of a residentially-zoned property (Section 14–1604(4)); (4) by being within 660 feet of an ingress and egress ramp of I–95 between the Bucks County line and the Walt Whitman Bridge (Section 14–1604(9)(b)); and (5) by having a sign area of more than 1000 square feet for a property with a frontage of less than 60 feet (Section 14–1604(5)(a)). The Philadelphia Planning Commission sent a letter to the Board "strongly" recommending that the requested variance not be granted because the application is not a minor departure from the requirements of the Zoning Code.

The Board found that the physical size of the Property, as a result of the portion condemned to construct I–95, prevented any permitted usage and that the Property would have little or no value to the owner absent the grant of a variance to erect the outdoor sign. The Board further found that the variances sought were the minimum necessary to afford relief, and that the proposed use would not adversely affect the public health, safety, or welfare. This latter finding was based on expert testimony that the proposed sign would not distract motorists or create a traffic hazard or block light or view. The trial court determined on appeal, however, that because there is already an existing and viable usage on the Property, there is no evidence to support the finding that the Property is unusable or that an unnecessary hardship exists. The trial court not-

ed that the current owner purchased the Property in its current size and configuration, and that the owner's desire to have extra income from the Property is not a basis for granting a variance from the numerous sections of the Code. This appeal followed.

Our standard of review of an appeal from a zoning decision, where the trial court did not take any additional evidence, is whether the zoning board committed an abuse of discretion or an error of law. *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh*, 554 Pa. 249, 721 A.2d 43 (1998). An abuse of discretion occurs when the zoning board made material findings of fact not supported by substantial evidence. *Id.* Eller raises the following issues: (1) whether the size of the Property and its proximity to the noise and automobile exhaust emanating from the adjacent I-95 renders it unusable for residential use and renders the current used-car business not viable; (2) whether the availability of a property owner's remedy for a condemnation action later prohibits the Board from granting a variance if the Property is not suitable for permitted uses; and (3) whether the Board abused its discretion by determining that the proposed use would have no adverse impact upon the public health, safety, or welfare.

Eller first argues that the Board's finding that the Property cannot be used for any permitted use is supported by substantial evidence and that the trial court erred by determining otherwise. Eller contends that the Property cannot be used for residential purposes because of its size and location adjacent to I-95 and a nearby open construction materials storage site owned by the Pennsylvania Department of Transportation (DOT). It also contends that the used car business is not viable. The lot may hold only 10 or 11 cars, has no

space for an office, and because of its proximity to the DOT site, the cars may become damaged by or dusty from construction materials. Eller describes the sales as only occasional and therefore contends that the business is not viable. Eller cites *Hertzberg* as holding that while "dozens" of other permitted uses may be available for a property, that fact alone does not preclude the granting of a variance. Thus, Eller contends that the "marginal" used car business use of the Property permits the grant of a variance under *Hertzberg*. Eller argues that although the evidence may be evaluated differently, we are obliged to defer to the Board's weight determinations as the fact finder.

The standards for obtaining a variance are well known. The party seeking a variance must show that (1) an unnecessary burden will occur if the variance is not granted, and (2) the variance will not be contrary to the public interest. *Society Created to Reduce Urban Blight v. Zoning Board of Adjustment*, 787 A.2d 1123 (Pa. Cmwlth.2001) (*SCRUB, Amtrak Appeal*). Evidence that the present or zoned use is less financially rewarding than the proposed use may not justify the granting of the variance unless the property as zoned will be rendered valueless. *Id.* A demonstration that the property may be used more profitably with the proposed use is not grounds for granting a variance. *Society Created to Reduce Urban Blight v. Zoning Board of Adjustment for the City of Philadelphia*, 772 A.2d 1040 (Pa. Cmwlth.2001) (*SCRUB, Conrail Appeal*).

In light of these standards, we must agree with the trial court that the evidence in the record does not support the Board's finding that the Property would have little or no value to the owner absent the grant of a variance to erect the outdoor sign. It is undisputed that the property is being used by a car dealer to

store and sell used cars as it has been since 1972. The dealer testified that he sells one to two cars per week from the location, and that if the variance were denied, he would simply continue as before using the lot for his used car business.[1]

Eller's argues that the Property is too small for the zoned permitted use as a residence. This argument is irrelevant in light of the valid nonconforming use on the Property. Eller also argues that the evidence shows that the used car business is not viable because the Property holds only about 10 or 11 vehicles, that the vehicles are generally older because the dealer is concerned about the surrounding dust and debris, and that sales are only "occasional." There is no reason that the Property must be able to house a major used car dealership in order for it to enjoy a viable use, however. Quite clearly, all relevant evidence shows that the Property is maintaining a viable use, albeit a modest one on a modest piece of ground, and that the proposed sign is merely meant to be a supplement to that use for the purpose only of obtaining additional income from the Property. Thus, Eller has completely failed to show that there would be an unnecessary burden if the variance would not be granted and has failed to show that the Property would be essentially valueless without its ability to support an advertising sign. *See SCRUB, Amtrak Appeal* and *SCRUB, Conrail Appeal.* The Board's error is manifest, and the trial court quite correctly reversed the Board's grant of the variance.[2]

Because the Board erred by finding an unnecessary hardship, we need not address Eller's remaining issues. The order of the trial court is affirmed.

### ORDER

AND NOW, this 9th day of January, 2003, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

---

1. The evidence indicates that this is not the dealer's only location and that he parks only his older cars at the lot because of the dust generated by the surrounding uses.

2. Thus, even under the "more relaxed" *Hertzberg* standards, the Board erred by granting the variance because there is absolutely no evidence in the record to support a finding of unnecessary hardship. *See SCRUB, Amtrak Appeal.* Indeed, the present case is quite similar to *SCRUB, Amtrak Appeal* and *SCRUB, Conrail Appeal* in that the property owner is simply seeking additional revenue from the sign for a property already enjoying a permitted use. Therefore, there are no grounds for the grant of a variance.