**SOCIETY CREATED TO REDUCE URBAN BLIGHT (SCRUB) and Mary Cawley Tracy, Appellants,**

v.

**ZONING BOARD OF ADJUSTMENT OF the CITY OF PHILADELPHIA and Oregon Avenue Associates and Clear Channel Outdoor, Inc.**

Commonwealth Court of Pennsylvania.

Argued Nov. 2, 2004.

Decided Dec. 6, 2004.

Samuel C. Stretton, West Chester, for appellant.

Cheryl L. Gaston, Philadelphia, for appellee, Zoning Bd. of Adjustment of the City of Phila.

Glenn A. Weiner, Philadelphia, for appellee, Clear Channel Outdoor, Inc.

BEFORE: PELLEGRINI, J., and FRIEDMAN, J., and JIULIANTE, Senior Judge.

OPINION BY Judge FRIEDMAN.

Society Created to Reduce Urban Blight (SCRUB) and Mary Cawley Tracy appeal from the December 11, 2003, order of the Court of Common Pleas of Philadelphia

County (trial court), which affirmed the decision of the Zoning Board of Adjustment (Board) of the City of Philadelphia (City) to grant use variances for the erection of a non-accessory outdoor advertising sign. We reverse.

On June 20, 2002, Oregon Avenue Associates (Oregon) applied for a permit to erect one free-standing, double-faced, illuminated, non-accessory outdoor advertising sign measuring twenty feet by sixty feet and measuring seventy-two feet from the grade of Swanson Street to the top of the sign. (Findings of Fact, No. 1.) The property is located in a G–2 zoning district, and non-accessory outdoor advertising signs are permitted in a G–2 zoning district subject to section 14–1604 of the Philadelphia Code. (Findings of Fact, Nos. 2, 15.)

The City's Department of Licenses and Inspections (Department) denied the permit application for the following reasons: (1) the proposed sign would be within 500 feet of two other non-accessory outdoor advertising signs, in violation of section 14–1604(3), (Findings of Fact, No. 4); (2) the proposed sign would be within 660 feet of ingress and egress of the Delaware Expressway (I–95), in violation of section 14–1604(9)(b), (Findings of Fact, No. 5); (3) Oregon does not propose to remove existing signs of equal or greater "sign area" prior to the erection of the proposed sign, as required by section 14–1604(10)(a), (Findings of Fact, Nos. 6, 10); (4) the proposed sign would be 2,400 square feet, and the maximum area per support structure fronting Swanson Street is 1,500 square feet, (Findings of Fact, No. 7; section 14–1604(5) of the Philadelphia Code);

(5) the proposed sign would be within 660 feet of the outward edge of the right-of-way lines for Oregon Avenue, in violation of section 14–1604(9)(h), (Findings of Fact, No. 8); and (6) the proposed sign would be fifty-two feet in height from the roadway surface of Swanson Street, but the permitted maximum height from the visible roadway is twenty-five feet, (Findings of Fact, No. 9; section 14–1604(6)(a) of the Philadelphia Code.) Oregon appealed to the Board seeking variances, and the Board held a public hearing on October 16, 2002. (Findings of Fact, No. 12.)

Oregon presented the testimony of Albert Tantala, an engineer, who testified as an expert that there are similar signs in the area and that the grant of a variance would have no adverse effect on adjacent properties. (Findings of Fact, Nos. 24, 27.) Oregon also presented the testimony of Gary Ott, Senior Vice President of Devon Self Storage (Devon), who testified that Devon had acquired the property from Oregon about thirty days before the October 16, 2002, hearing. Ott stated that Devon intended to use the property for a state-of-the-art self storage facility with approximately 800 self storage units; the units would be rented within thirty-six months for amounts ranging from $59 to $259, depending on the size of the unit. Although Devon has no plans to redevelop the rear portion of the lot, which is filled with rubbish and trash, Devon will clean up the rear of the lot and will allow the user of the adjacent lot to park there.[1] (Findings of Fact, Nos. 28–30, 32–33.)

In opposition to the variances, SCRUB presented the testimony of Joseph P. Martin, a professional civil engineer. Martin

---

1. In addition, Patrick Green, an employee of Insignia ESG Real Estate, testified that the property has been vacant and on the market since approximately 1995. John Ballistreri, an employee of Clear Channel Outdoor, testi- fied that Clear Channel Outdoor would be willing to retire permits for signs that together equal or exceed the area of the sign face of the proposed sign. (Findings of Fact, Nos. 34–35.)

testified as an expert that the proposed sign would be a major distraction for motorists coming off of the bridge from New Jersey. (Findings of Fact, Nos. 36–38.) SCRUB also presented the testimony of Mary Tracy, Executive Director of SCRUB. Tracy testified that the signs would block the beautiful gateway to the city and that the property has value without the variances. (Findings of Fact, No. 40.) The Board also received a letter from Whitman Council, Inc. opposing any additional billboards within the community. (Findings of Fact, No. 41.) Finally, the Board placed on the record a letter from the Philadelphia Planning Commission in opposition to the sign, pointing out the many violations and asserting that there appears to be no hardship to the landowner without the variances. (Findings of Fact, No. 42.)

■ On November 27, 2002, after considering the evidence presented, the Board granted the variances. (Findings of Fact, No. 13.) The Board concluded, *inter alia,* that the peculiar shape and location of the parcel renders it unusable for other development. (Conclusions of Law, No. 7.) SCRUB and Tracy appealed to the trial court, which affirmed the Board's grant of variances under *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh,* 554 Pa. 249, 721 A.2d 43 (1998) (relating to dimensional variances). SCRUB and Tracy now appeal to this court.[2]

■ SCRUB and Tracy argue that the Board erred or abused its discretion in granting the use variances inasmuch as the applicant failed to prove an unnecessary hardship. We agree.

Section 14–1802(1)(a) of the Philadelphia Code states that, in considering a variance request, the Board shall consider, *inter alia,* that because of the particular physical surrounding, shape or topographical conditions of the specific structure or land involved, a literal enforcement of the provisions of Title 14 would result in unnecessary hardship. In *Mitchell v. Zoning Hearing Board,* 838 A.2d 819, 828 (Pa. Cmwlth.2003) (citations omitted), this court stated:

In general, unnecessary hardship may be shown by demonstrating either that physical characteristics of the property are such that the property could not be used for the permitted purpose or could only be conformed to such purpose at a prohibitive expense, or that the characteristics of the area are such that the lot has either no value or only a distress value for any permitted purpose. In *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh,* 554 Pa. 249, 721 A.2d 43 (1998), however, the Supreme Court of Pennsylvania set forth a more relaxed standard for establishing unnecessary hardship for a dimensional variance, as opposed to a use variance. Under *Hertzberg,* the courts may consider multiple factors in determining whether the applicant established unnecessary hardship for a dimensional variance, including the cost of the strict compliance with the zoning ordinance, the economic hardship that will result from denial of a variance, and the characteristics and conditions of the surrounding neighborhood.

In *Society Created to Reduce Urban Blight (SCRUB) v. Zoning Board of Adjustment,* 831 A.2d 1255, 1261 (Pa.Cmwlth. 2003), *appeal denied,* 577 Pa. 739, 848

---

2. Where, as here, the trial court did not take additional evidence, our scope of review is limited to whether the Board committed a manifest abuse of discretion or an error of law. *Lench v. Zoning Board of Adjustment,* 852 A.2d 442 (Pa.Cmwlth.2004).

A.2d 931 (2004), this court stated, "We have repeatedly held that variances from Section 14–[1]604 of the [Philadelphia] Code are not dimensional." This is because section 14–1604 of the Philadelphia Code prohibits the *use* of property for non-accessory outdoor advertising signs unless its requirements are met. *See id.; see also Society Created to Reduce Urban Blight (SCRUB) v. Zoning Board of Adjustment,* 787 A.2d 1123 (Pa.Cmwlth.2001); and *Society Created to Reduce Urban Blight (SCRUB) v. Zoning Board of Adjustment,* 772 A.2d 1040 (Pa.Cmwlth.), *appeal denied,* 574 Pa. 778, 833 A.2d 146 (2001), *cert. denied sub nom., Conrail c/o Transportation Displays, Inc. v. Society Created to Reduce Urban Blight,* 539 U.S. 959, 123 S.Ct. 2652, 156 L.Ed.2d 658 (2003).

Here, the Board found that Devon acquired the property from Oregon and planned to create a state-of-the-art, 800–unit self storage facility on the property. Despite this finding, the Board then concluded that the peculiar shape and location of the parcel renders the parcel unusable for development other than the erection of prohibited non-accessory outdoor advertising signs. Clearly, the Board erred in reaching such a conclusion.

Accordingly, we reverse.

### ORDER

AND NOW, this 6th day of December, 2004, the order of the Court of Common Pleas of Philadelphia County, dated December 11, 2003, is hereby reversed.