**HELLAM TOWNSHIP, Appellant**

**v.**

**HELLAM TOWNSHIP ZONING HEARING BOARD and Patton Homes, Inc.**

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 2007.

Decided Jan. 16, 2008.

D. Michael Craley, Red Lion, for appellant.

Bradley J. Leber, York, for appellee, Patton Homes, Inc.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Hellam Township (Township) appeals from an order of the Court of Common Pleas of York County (trial court) which affirmed the decision of the Hellam Township Zoning Hearing Board (Board) that determined that a development plan submitted in 2001 (2001 plan) by Valley Acres, Inc. was substantially similar to a plan submitted in 1996 (1996 plan) by Patton Homes, Inc. (Patton) such that ordinances in effect in 1996 governed the review of the 2001 plan. We affirm.

This case arises out of the Pennsylvania Supreme Court's decision in *Naylor v. Township of Hellam*, 565 Pa. 397, 773 A.2d 770 (2001). In that case, Valley Acres submitted the 1996 plan which proposed residential and agricultural development of a 98 acre tract to the Township zoning officer. The zoning officer rejected the plan because of a Township ordinance which imposed a moratorium on new residential subdivision and land development for a period of one year.

Valley Acres and other developers who were also affected by the moratorium, sought a declaratory judgment that the

moratorium was invalid. The trial court granted summary judgment in favor of the Township and on appeal this court affirmed. *Naylor v. Township of Hellam,* 717 A.2d 629 (Pa.Cmwlth.1998).

Thereafter, the Supreme Court reversed this court's decision, invalidated the Township's moratorium and ordered the Township to "review Appellants' applications according to the zoning and subdivision ordinances in effect at the time they were filed." *Naylor,* 565 Pa. at 409–410, 773 A.2d at 778.

Thereafter, Valley Acres submitted the 2001 plan to the Township. The 2001 plan was prepared by the engineering firm of C.S. Davidson, Inc. A letter accompanying the 2001 plan, signed by Joshua C. George, P.E., stated that the 2001 plan was identical to the plan originally submitted in 1996. Two revisions were thereafter made to the 2001 plan. Prior to the last revision in 2003, Patton purchased the property at issue from Valley Acres. Since its submission, the Township reviewed the 2001 plan under the 1996 ordinances.

In May of 2005, in response to an inquiry from counsel for Patton, the Township zoning officer issued a letter stating that the 1996 ordinances, under which Patton had been pursuing development, were not applicable. Rather, the zoning officer determined that the ordinances in effect in 2001, when the 2001 plan was submitted, applied. Patton appealed to the Board challenging the zoning officer's determination.

The Board conducted a hearing at which both sides presented evidence but neither produced the original 1996 plan. The Township offered the testimony of the current zoning officer, Jeffrey Miller. Miller was not the zoning officer at the time the 1996 plan was presented nor when the 2001 plan was presented.

During his testimony, Miller referenced a plan which was submitted to the Township in 1995 that depicted an eight lot subdivision. In comparison, the 2001 plan involved three times the number of lots and, according to Miller, was not the same as the 1996 plan. Thus, according to Miller, the 2001 plan would have to comply with ordinances in effect in 2001.

Patton presented evidence that after the Supreme Court's decision in *Naylor,* the 2001 plan was submitted for review. A letter accompanying the 2001 plan, written by Mr. George, expressed that the 2001 plan was identical to the 1996 plan. Patton further produced evidence that since submission of the 2001 plan, it was reviewed by the Township's engineer, manager, zoning officer and Board of Supervisors and that all review of the 2001 plan for a period in excess of four years was done in accordance with the ordinances existing in 1996. It was not until 2005 that Miller informed Patton that the ordinances in effect in 1996 would not be applicable to the 2001 plan.

Patton's engineer, Mr. George, acknowledged that he was not the engineer on the project in 1996. He stated that in preparing the 2001 plan, he used a 1993 plan submitted to the Township which allegedly proposed to be phased in over a period of time. Patton also introduced a letter from the zoning officer who was in office in 2001, which indicated that the 2001 plan should be considered under the ordinances of 1996.

Based on the evidence presented, the Board found that the 2001 plan was similar to or substantially the same as the 1996 plan, such that the 1996 ordinances governed the plan. The Board was not persuaded that the 1995 plan referenced by the zoning officer was in fact the same as the 1996 plan.

■ The Board also found it credible that all officials involved, including the zoning officer and the Board of Supervisors, authorized Patton and its predecessor in title to proceed with the 2001 plan in accordance with ordinances in existence in 1996. The 2001 plan was allowed to proceed under the dictates of the 1996 ordinances for four years. The Board also determined that neither Patton nor its predecessor in title misled the Township as to the 2001 plan. The Township treated the 2001 plan as being the same as the 1996 plan, thereby acknowledging that it was the appropriate plan and that Patton thereby acquired a vested right. This appeal followed.[1]

The Township first argues that the Board capriciously disregarded evidence which shows that the 2001 plan was not the same as the 1996 plan. Specifically, the Township claims that stipulated evidence and documentation provided to the Board shows that the 1996 plan provided for eight building lots, whereas the 2001 plan involved three times that number of lots.

■ We initially note that as to evidence, this court may not substitute its interpretation of the evidence for that of the Board. *Vanguard Cellular System, Inc. v. Zoning Hearing Board of Smithfield Township*, 130 Pa.Cmwlth. 371, 568 A.2d 703 (1989), *petition for allowance of appeal denied*, 527 Pa. 620, 590 A.2d 760 (1990). As the fact finder, it is the Board which judges the credibility of witnesses and the weight afforded to their testimony. *In re Brickstone Realty Corporation*, 789 A.2d 333 (Pa.Cmwlth.2001), *petition for allowance of appeal denied*, 569 Pa. 723, 806 A.2d 863 (2002).

■ Here, although the Township introduced into evidence a 1995 plan which contained eight building lots, the Board nonetheless was not persuaded that the 1995 plan, which predated the 1996 plan by almost a year, was in fact the 1996 plan. Moreover, the Township did not retain the original 1996 plan which was rejected due to the moratorium and the Township failed to call witnesses employed by the Township in 1996 who could have testified as to the 1996 plan. Also, the present zoning officer, who testified that the 2001 plan was not the same as the 1996 plan, was not employed by the Township in 1996.

The Board's finding that the 2001 plan was the same as the 1996 plan was supported by the testimony of Mr. George. Mr. George testified that he used a 1993 plan to arrive at the 2001 plan. Additionally, a letter from the former township engineer which was introduced into evidence, indicated that the Township, through its zoning officer, agreed that the 2001 plan should be considered under the ordinances of 1996. Moreover, if the Township did not believe that the 2001 plan was the same as the originally submitted 1996 plan, it would have taken appropriate action and not authorized the 2001 plan to proceed forward for a period of four years under the 1996 ordinances.

■ The Board's findings that the 2001 plan was the same or substantially similar to the 1996 plan is supported by the above credited testimony. Although the Township argues that the trial court nonetheless capriciously disregarded testimony presented by it, we disagree.

■ A capricious disregard occurs only when the fact finder deliberately ignores relevant, competent evidence. *Ca-*

1. Where, as here, the trial court did not take additional evidence, our review is limited to determining whether the Board committed an error of law or abused its discretion. *Cardamone v. Whitpain Township Zoning Hearing Board*, 771 A.2d 103 (Pa.Cmwlth.2001).

*passo v. Workers' Compensation Appeal Board (RACS Associates, Inc.)*, 851 A.2d 997 (Pa.Cmwlth.2004). Capricious disregard is the deliberate and baseless disregard of apparently reliable evidence. *Id.* When substantial evidence supports the findings and the findings in turn support the conclusion, it remains a rare instance where an appellate court disturbs an adjudication based on capricious disregard. *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 203–204, 812 A.2d 478, 487–488 (2002). Appellate review of zoning matters includes review for capricious disregard of evidence. *Taliaferro v. Darby Township Zoning Hearing Board*, 873 A.2d 807, 812 (Pa.Cmwlth.2005), *petition for allowance of appeal denied*, 585 Pa. 692, 887 A.2d 1243 (2005).

Here, an application of the capricious disregard standard does not warrant reversal. The Board's findings show that it did not disregard the testimony of Township's witnesses. The Board identified, summarized and considered their testimony in making its decision. The Board, nonetheless, chose to reject the testimony of the Township, finding it speculative and mere conjecture. By definition, the express consideration and rejection of this evidence does not amount to capricious disregard. *Id.*, at 816.

▪ Next, the Township argues that the Board erred in concluding that Patton had a vested right to have the 2001 plan reviewed under the 1996 ordinances. The Township maintains that one of the five requirements necessary to obtain a vested right includes the requirement that a landowner must act in good faith throughout the proceedings. *Nowak v. Bridgeville Borough Zoning Hearing Board*, 111 Pa. Cmwlth. 470, 534 A.2d 165 (1987). The

Township argues that vested rights do not attach where the applicant deviates from that which has been approved by government officials. *Carman v. Zoning Board of Adjustment of the City of Philadelphia*, 162 Pa.Cmwlth. 80, 638 A.2d 365 (1994).

Here, the Township takes issue with the fact that when the 2001 plan was submitted, a letter accompanying the plan claimed that the 2001 plan was identical to the 1996 plan. Yet, Mr. George, who actually prepared the 2001 plan, acknowledged that he had never seen the 1996 plan but had used a 1993 plan in preparing the 2001 plan. The Township claims that it was misled by the cover letter and that the plans were not, in fact, identical. The Supreme Court in *Naylor* directed review of "Appellants' applications according to the zoning and subdivision ordinances in effect at the time they were filed." *Naylor*, 565 Pa. at 409, 410, 773 A.2d at 778. The Township maintains that the 2001 plan is not the same as the 1996 plan and the 1996 ordinances are, therefore, not applicable.

As found by the Board, however, Patton never acted in bad faith or misled the Township. In fact, the Township had available for its review and consideration in 2001, applications that were made in 1993 and at various times in 1995 and apparently had made a determination that the 2001 plan was the same as the 1996 plan. Such was acknowledged by the then zoning officer who treated the 2001 plan according to the 1996 ordinances.

Because substantial evidence supports the Board's determination and there was no capricious disregard of competent evidence, we affirm the decision of the trial court which affirmed the Board's determination that review of the plan is to be considered under the 1996 ordinances.[2]

---

**2.** Because of our determination, we need not

address Patton's argument that the decision

## ORDER

Now, January 16, 2008, the Order of the Court of Common Pleas of York County, in the above-captioned matter, is affirmed.

should be affirmed on alternative grounds. Namely, that the zoning officer in 2001 informed Mr. George that the 2001 plan would be viewed under the terms of the 1996 ordinances, that the Township never appealed this determination and that such determination was therefore final.